**Joseph P. GUARRASI, Petitioner**

**v.**

**Susan Devlin SCOTT Right–To–Know Appeals Officer; Bucks County President Judge Individual and Official Capacity and Douglas Praul Right–To–Know Officer; Bucks County Court Administrator Individual and Official Capacity and David W. Heckler Right–To–Know Supervisor; Bucks County District Attorney; Former Bucks County Pres. Judge Individual and Official Capacity and Karen Diaz Right–To–Know Appeal Officer; Assistant District Attorney for Bucks County Individual and Official Capacity and Terry Lackman Right–To–Know Officer; Bucks County Detective Individual and Official Capacity and Regina Armitage Right–To–Know Officer; Assistant Bucks County Solicitor Individual and Official Capacity and Albert J. Cepparulo Staff Administrator; Bucks County Judge Individual and Official Capacity, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 25, 2011.

Decided June 21, 2011.

See also, 979 A.2d 383, 2008 WL 4601903.

Joseph P. Guarrasi, pro se.

Michael Daley, Philadelphia, for respondents the Honorable Susan Devlin Scott, Douglas Praul and the Honorable Albert J. Cepparulo.

Sean M. Corr, Doylestown, for respondents David W. Heckler, Terry Lackman, Karen Diaz and Regina Armitage.

BEFORE: COHN JUBELIRER, Judge, and SIMPSON, Judge and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

This case has its origin in requests by Petitioner Joseph P. Guarrasi (Plaintiff) to obtain certain "public judicial documents" under the Right–To–Know Law (RTKL)[1] related to earlier criminal proceedings against him in the Court of Common Pleas

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

of Bucks County (Bucks Common Pleas). In July, 2010, Plaintiff, a former attorney and state prison inmate, filed a petition for review in our original jurisdiction seeking declaratory relief against seven Bucks County judges, officials or employees (Respondents or Defendants), who are designated as open-records officers or appeals officers for RTKL purposes.[2] Plaintiff, representing himself, seeks an order that (a) declares his common law and constitutional rights of access to the requested documents, and (b) requires Defendants to forward these documents to him. Plaintiff also seeks a declaration that Defendants violated his common law, statutory and constitutional rights by denying him access to these documents. Plaintiff also seeks additional declaratory relief against past and present Bucks Common Pleas judges.

Presently before the Court are Defendants' preliminary objections. Defendants Devlin Scott, Cepparulo and Praul (Judi-

cial Defendants) challenge the legal sufficiency of Plaintiff's averments on multiple grounds. Defendants Heckler, Lackman, Diaz and Armitage (County Defendants) join in Judicial Defendants' demurrer. County Defendants, citing *Guarrasi v. Gibbons*, Civ. A. No. 07–5475, 2008 WL 4601903 (E.D.Pa.2008), a federal district court memorandum decision, also assert the doctrine of *res judicata* bars Plaintiff's civil rights and constitutional rights claims. For the reasons that follow, we sustain Defendants' preliminary objections and dismiss Plaintiff's complaint with prejudice.

## I. Background

### A. Convictions; Private Criminal Complaint

■ A brief history of the events precipitating Plaintiff's petition for review is helpful.[3] In 2005, Plaintiff pled *nolo con-*

---

**2.** Pursuant to the RTKL, all agencies (Commonwealth, local, judicial or legislative) shall designate an official or employee as an open-records officer (RTK Officer). Section 502, 65 P.S. § 67.502. Further, the Office of Open Records (OOR), created by the RTKL, must designate an appeals officer (RTK Appeals Officer) for all Commonwealth and local agencies to hear appeals from responses to RTKL requests. Section 503(a), 65 P.S. § 67.503(a). Also, all judicial and legislative agencies, and all county district attorneys shall designate one or more appeals officers to hear RTKL appeals. Sections 503(b)-(d), 65 P.S. §§ 67.503(b)-(d).

Here, Respondents are the Honorable Susan Devlin Scott, RTK Appeals Officer (Bucks Common Pleas) and President Judge; Douglas Praul, RTK Officer (Court Administration) and Bucks County Court Administrator; the Honorable David W. Heckler, RTK Supervisor (District Attorney's Office) and Bucks County District Attorney, and former President Judge; Karen Diaz, RTK Appeals Officer (District Attorney's Office) and Assistant District Attorney; Terry Lackman, RTK Officer (District Attorney's Office) and Bucks County Detective; Regina Armitage, RTK Officer (Bucks County) and Assistant Bucks County

Solicitor; and, the Honorable Albert J. Cepparulo, Common Pleas Judge and Court Staff Administrator.

**3.** Generally, when considering preliminary objections in the nature of a demurrer, a court may not take judicial notice of the records in another case. This general rule is subject to limited exceptions. "It is appropriate for a court to take notice of a fact which the parties have admitted or which is incorporated into the complaint by reference to a prior court action." *Styers v. Bedford Grange Mut. Ins. Co.*, 900 A.2d 895, 899 (Pa.Super.2006) (citation omitted). Here, Plaintiff's petition alleges he "is part of the discrete and insular class that have [sic] litigated successfully against the Defendants while being incarcerated by the processes of the Defendants." Pet. For Review at ¶ 21. *See also id.* at ¶ 66 ("Plaintiff engages in the Constitutionally protected activities of successfully bringing verified complaints to the proper Courts for adjudication, to wit, Guarrasi v. County of Bucks et al.; Guarrasi v.(ADA) Gambardella et al., Guarrasi v. (former D.A., now Judge) Gibbons; Guarrasi v. (Detective) Carroll, et al. . . . "). Because Plaintiff admits his crimi-

*tendre* to attempted homicide. He also pled guilty to attempted aggravated assault, attempted kidnapping, attempted false imprisonment, attempted burglary and solicitation to commit insurance fraud. Bucks Common Pleas sentenced Plaintiff to a period of incarceration in state prison. *See Guarrasi v. Carroll,* 979 A.2d 383 (Pa.Super.2009). The evidence against Plaintiff included various recorded conversations intercepted by an informant pursuant to a Bucks Common Pleas judge's order authorizing the interception of oral communications under the Wiretapping and Electronic Surveillance Act (Wiretap Act), 18 Pa.C.S. § 5701–82.

In 2007, Plaintiff filed a private criminal complaint against Timothy Carroll, the detective who investigated his criminal case. *See Guarrasi v. Carroll.* Plaintiff alleged Carroll violated various criminal statutes and the Wiretap Act. *Id.* The complaint alleged the detective tampered with the evidence by intentionally destroying or altering recorded conversations. *Id.*

However, the Bucks County District Attorney's Office (District Attorney) disapproved Plaintiff's complaint. Plaintiff appealed to Bucks Common Pleas, which denied his appeal. Ultimately, following a remand hearing, the Superior Court affirmed. *Id.*

**B. *Guarrasi v. Carroll* (604 M.D. 2009)**

In 2009, pursuant to Section 5726 of the Wiretap Act, 18 Pa.C.S. § 5726, Plaintiff filed a petition for review in this Court's original jurisdiction seeking dismissal or removal of Bucks County Detectives Carroll and Michael Mosiniak, and former Assistant District Attorney Thomas G. Gambardella, for violations of the Wiretap Act. Although the case remains pending against

nal convictions and references his other litigation, we may take judicial notice of these

Carroll and Mosiniak, this Court granted summary judgment in favor of Gambardella. *See Guarrasi v. Carroll,* (Pa.Cmwlth., No. 604 M.D.2009, filed September 21, 2010) (per curiam).

**C. *Guarrasi v. Gibbons* (Civil Rights Act; Conspiracy)**

Proceeding *in forma pauperis,* Plaintiff also filed a civil rights action in the United States District Court for the Eastern District of Pennsylvania against 29 defendants. They included the District Attorney, various police officers, and even his criminal defense attorneys. He asserted numerous claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1986 connected to the criminal case. In a memorandum opinion, the District Court, pursuant to 28 U.S.C. § 1915(e)(2), dismissed the vast majority of Plaintiff's civil rights claims as frivolous. *See Guarrasi v. Gibbons,* 2008 WL 4601903 at *11. The Court did allow three 42 U.S.C. § 1983 claims for the transfer of real property and deprivation of personal property against several defendants to proceed. *Id.*

**II. Present Case (*Guarrasi v. Devlin Scott*)**

**A. Petition for Review**

**1. Requested Documents**

In August, 2010, Plaintiff filed his *"Petition for Review For Declaratory Judgment—Common Law—First Amendment—Article 1 Right of Access to Public Judicial Documents,"* also in this Court's original jurisdiction. Plaintiff's petition avers that Defendants willfully denied him access to the following public documents:

cases. *Styers.*

A. Judge Kenneth G. Biehn's signed and subscribed Oath of Office Document.;

B. Judge Kenneth G. Biehn's genuine and authenticated signature.;

C. The Resignation Letters of Judge Kenneth J. Biehn and Former President Judge David W. Heckler (now District Attorney of Bucks County).;

D. The case assignment/work schedule of Judge Kenneth G. Biehn and President Judge David W. Heckler for the date of 2/23/2004.;

E. The document designating Judge Kenneth G. Biehn the [sic] President Judge David W. Heckler's designee for the 2/23/2004 Intercept Authorization Order in BCCCP No.'s 253 MISC 2004, 254 MISC 2004, and 5423–2004.; [4]

F. "All salient documents", made public by the unsealing Order of 11/15/2004 in BCCCP No.'s 253 MISC 2004, 254 MISC 2004, and 5423–2004.

Pet. for Review at ¶¶ 16A–F (footnote added). Plaintiff avers that Defendants' failure to provide these documents violated his common law right of access and various constitutional rights, including a First Amendment right of access. *See, e.g.,* Pet. for Review at ¶¶ 62–67.

### 2. Requested Relief

Plaintiff requests the following relief. In Count I, Plaintiff requests an order (a) declaring his common law and constitutional rights of access to the requested documents, and (b) directing Defendants to immediately forward these documents to him. *Id.* at ¶ 85. In Count II, Plaintiff requests a declaration that Defendants violated his common law, statutory and constitutional rights "by selectively denying Plaintiff access to the requested records, and by . . . combining and concealing documents, records and information from . . . Plaintiff through deception and a lack of candor. . . ." *Id.* In Count III, Plaintiff requests an order declaring Defendants "wrongfully retaliated against Plaintiff" for exercising his constitutional rights. *Id.* at ¶ 89.

In Count IV, Plaintiff requests an order declaring that then-President Judge Heckler did not designate Judge Biehn as the common pleas judge to authorize an oral interception as required by Section 5704(2)(iv) of the Wiretap Act on February 23, 2004. *Id.* at ¶ 91. In Count V, Plaintiff seeks an order declaring the removal of Defendant Devlin Scott from her position as Bucks Common Pleas Right–To–Know Appeals Officer because of an impermissible conflict of interest due to her position as President Judge. *Id.* at ¶ 93. In Count VI, Plaintiff seeks an order declaring the entire Bucks Common Pleas' bench has a conflict of interest in regard to all matters involving Plaintiff and therefore must be recused and a change of venue ordered. *Id.* at ¶ 95. In Count VII, Plaintiff requests an order (a) declaring the custom of Bucks Common Pleas judges to allow non-judicial personnel to sign judges' names to orders unconstitutional and (b) voiding all documents so signed. *Id.* at ¶ 97.

### B. Preliminary Objections

▮▮ Judicial Defendants filed preliminary objections in the nature of demurrers challenging the legal sufficiency of Plain-

---

4. *See* Petition for Review, Ex. 1 (Judge Biehn's November 15, 2004 order in *In re Application of Gary Gambardella, Bucks County District Attorney's Office, for an Order Authorizing the Consensual Interception of Oral Communications,* (Bucks C.P., Nos. 253 and 254 M.D. 2004)). *See also* Judicial Defendants' Prelim. Objections, Ex. B (Docket Entries in *Commonwealth v. Guarrasi,* (Bucks C.P., No. 5423 C.R. 2004)).

tiff's claims.[5] County Defendants also object to the legal sufficiency of Plaintiff's claims and incorporate by reference Judicial Defendants' legal arguments.

Defendants contend: Plaintiff fails to set forth a cognizable common law or constitutional right of access claim for the requested documents; Plaintiff's request for the documents is precluded by the exclusivity of the RTKL; Plaintiff failed to exhaust his statutory appeals under the RTKL; Plaintiff's requested relief is an impermissible collateral attack on his criminal convictions; Commonwealth Court may not order the recusal of all Bucks Common Pleas judges or remove Defendant Devlin Scott as Bucks Common Pleas' RTKL Appeals Officer; immunity bars Plaintiff's claims against Judicial Defendants; and, Commonwealth Court lacks jurisdiction to either regulate who signs Bucks Common Pleas' orders or to declare prior Bucks Common Pleas' orders void.

County Defendants further aver the records Plaintiff requested simply do not exist. They also contend the doctrine of *res judicata* precludes any claim for civil rights or constitutional rights violations. Citing the U.S. District Court's decision in *Guarrasi v. Gibbons*, County Defendants assert Plaintiff fully and fairly litigated his civil rights and constitutional claims in federal court. Therefore, he is precluded from re-litigating those claims in the present case. *Hillgartner v. Port Auth. of Allegheny County*, 936 A.2d 131 (Pa. Cmwlth.2007).

## III. Discussion

### A. Counts I–III

In Count I, Plaintiff requests this Court "issue an order declaring Plaintiff's Common Law and United States and Pennsylvania Constitutional rights of access to the documents requested by the Plaintiff, and for said requested documents be immediately forwarded to the Plaintiff. . . ." Pet. for Review at ¶ 85.

In Count II, Plaintiff requests this Court issue an order declaring

> Defendants did violate Plaintiff's Rights at Common Law, 1st, 5th, 6th, & 14th Amendments, Equal Protection Clause, Privileged [sic] and Immunities Clause, of the United States Constitution; and his Article I, Sections 7, 9, 11, & 26 Rights of the Pennsylvania Constitution; protected by 42 U.S.C. § 1983, § 1985 & § 1986, and the corresponding Articles, Sections and Laws of this Commonwealth. . . .

*Id.* at ¶ 87. Plaintiff claims Defendants violated his common law, statutory and constitutional rights "by selectively denying Plaintiff access to the requested records, and by the Defendants combining and concealing documents, records and information from the Plaintiff through deception and a lack of candor. . . ." *Id.*

In Count III, Plaintiff requests a declaration that Defendants "wrongfully retaliated against Plaintiff" for exercising his constitutional rights to "free speech, freedom of the press, right to petition the government with grievances, and to exam-

---

**5.** A demurrer contests the legal sufficiency of a complaint. *Christ the King Manor v. Dep't of Pub. Welfare*, 911 A.2d 624 (Pa.Cmwlth. 2006), *aff'd*, 597 Pa. 217, 951 A.2d 255 (2008). In ruling on preliminary objections, the courts must accept as true all well-pled facts that are material and all inferences reasonably deducible from the facts. *Id.* However-

er, the courts are not required to accept as true any unwarranted factual inferences, conclusions of law or expressions of opinion. *Id.* For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery. *Id.* Any doubt must be resolved in favor of the non-moving party. *Id.*

ine the proceedings of any part of the government...." Pet. for Review at ¶ 91.

### 1. Defendants' Objections

#### a. Common Law Right of Access

First, Defendants contend Plaintiff's petition for review fails to set forth a cognizable claim for a common law right to access the requested documents. Prior to the RTKL, which became effective in 2009, the common law provided the public with a right of access to inspect and copy judicial records and documents. *See Commonwealth v. Long,* 592 Pa. 42, 922 A.2d 892 (2007); *Commonwealth v. Fenstermaker,* 515 Pa. 501, 530 A.2d 414 (1987); *Commonwealth v. Martinez,* 917 A.2d 856 (Pa.Super.2007). As a threshold inquiry, the courts determined whether the requested documents constituted public judicial documents. *Id.*

"Documents that are *filed with the court* and, in particular, those that are *used by the judge in rendering a decision* are clearly considered public judicial documents." *Long,* 592 Pa. at 52, 922 A.2d at 898 (emphasis added). These include such documents as probable cause affidavits. *Id.* Here, Defendants argue, the documents at issue either do not exist or are administrative. They were not filed in the case or used by the judge in rendering a decision. Therefore, they cannot be con-

sidered public judicial documents subject to disclosure under the *Fenstermaker* line of cases.

#### b. Constitutional Right to Access

Second, Defendants acknowledge our Supreme Court recognizes that under the First and Sixth Amendments of the United States Constitution and Article I, Sections 9 and 11 of the Pennsylvania Constitution,[6] the courts shall be open and the public has qualified rights to observe criminal proceedings and to access judicial documents. *Long; Fenstermaker.* Here, however, Plaintiff did not allege that Defendants violated his constitutional rights to a public trial or that the public could not observe his criminal proceedings.

In addition, Defendants again assert the documents Plaintiff seeks are administrative, not judicial in nature. The documents were not filed in Plaintiff's criminal case or used in rendering judgments or rulings in the criminal case. Therefore, Plaintiff has no federal or state constitutional right of access to them. *Id.*

Judicial Defendants also assert Plaintiff's petition does not aver he requested "all salient documents" unsealed by Judge Biehn's November 15, 2004 order in the Wiretap Act authorization matter,[7] from them. *See* Judicial Defendants' Prelim. Objections at ¶ 8.

---

**6.** The First Amendment of the U.S. Constitution provides, "Congress shall no make no law ... abridging the freedom of speech, or of the press; of the right of the people to peaceably assemble, and to petition the Government for a redress of grievances." U.S. CONST., amend. I. The Sixth Amendment provides in part, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." U.S. CONST., amend. VI.

Article I Section 9 of the Pennsylvania Constitution also provides for speedy and public criminal trials. PA. CONST. art. I, § 9. Article I, Section 11 provides that all Pennsylvania courts shall be open. PA. CONST. art. I, § 11.

**7.** Judge Biehn's November 15, 2004 order provided:

> the above-captioned interceptions and all salient documents ... including but not limited to the Petitions of the Commonwealth for Interception and for Sealing, and the corresponding orders of Court authorizing the same, shall be made public for purposes of providing discovery to the Defendant's counsel. The Sealing Orders previously entered are LIFTED and the documents therein may be made public.

Pet. for Review, Ex. 1.

### c. Exclusivity of RTKL

Defendants also contend the remedy afforded under the RTKL is exclusive and supersedes any common law rights to records that may have existed prior to the statute. *Commonwealth v. Mines,* 680 A.2d 1227 (Pa.Cmwlth.1996). Therefore, Defendants argue, the fact that Plaintiff alleges violations of his common law and constitutional rights is of no moment. Whatever rights Plaintiff claims are violated, the RTKL provides the sole remedy to obtain the documents. Therefore, the Court should dismiss Plaintiff's common law and constitutional right of access claims.

### d. Collateral Attack on Criminal Conviction

Defendants further contend Plaintiff's petition fails to state any cognizable civil claim because it constitutes an impermissible collateral attack on his criminal convictions. Defendants assert Plaintiff's RTKL requests coincided with his criminal proceedings. In June, 2007, Plaintiff filed a Post Conviction Relief Act [8] (PCRA) petition in Bucks Common Pleas. *See* Judicial Defendants' Preliminary Objections, Ex. B (Docket Entries in *Commonwealth v. Guarrasi,* (Bucks C.P., No. 5423 C.R. 2004)). At present, Plaintiff's PCRA petition remains pending. Defendants contend Plaintiff cannot use the present civil action to collaterally attack his convictions; Plaintiff's PCRA petition provides the only means to challenge the legality of his convictions. *See Keller v. Kinsley,* 415 Pa.Super. 366, 609 A.2d 567 (1992) (civil action alleging unjust conviction and incarceration cannot be used to collaterally attack conviction; PCRA provided only means to collaterally attack conviction).

---

8.  42 Pa.C.S. §§ 9541–46.

### 2. Analysis

### a. Collateral Attack

■ First, we agree with Defendants that Plaintiff may not use a civil action for declaratory judgment in our original jurisdiction to collaterally attack the legality of his criminal proceedings in Bucks Common Pleas. *Keller.* The PCRA is the sole means "by which persons convicted of crimes they did not commit and persons serving illegal sentences" may obtain collateral relief. 42 Pa.C.S. § 9542. *Keller.* Therefore, Plaintiff must raise all his common law constitutional claims against Defendants in his PCRA petition.[9] *Id.*

For this reason, to the extent Plaintiff's civil action in this Court's original jurisdiction alleges Defendants violated his common law and constitutional rights in the criminal proceedings against him, the civil action fails to state a cognizable claim. *Keller.*

### b. RTKL

### i. Failure to Appeal

Second, the current RTKL became effective January 1, 2009. Our review of Plaintiff's petition's exhibits indicates that Plaintiff's requests for documents were made to Defendants' designated RTKL officers after January 1, 2009, the effective date of the current RTKL.

Section 304 of the RTKL (Judicial agencies), 65 P.S. § 67.304, provides (with emphasis added):

> (a) **Requirement.**—*A judicial agency shall provide financial records in accordance with this act or any rule or order of court providing equal or greater access to the records.*

---

9.  In *Long, Martinez* and *Fenstermaker,* the requests for documents were made by the media *in the criminal proceedings.*

**(b) Prohibition.**—A judicial agency may not deny a requester access to a *financial record* due to the intended use of the financial record by the requester.

In addition to Section 304 of the RTKL, Pennsylvania Rule of Judicial Administration 509 (Access to Financial Records) provides a procedure for requesting financial records from the Unified Judicial System which are in possession of the Administrative Office of Pennsylvania Courts (AOPC). Rule 509 provides in pertinent part:

**(a) General Policy.** Financial records of the Unified Judicial System are presumed to be open to any member of the public for inspection or copying during established business hours. The term "financial records" is defined as any account, contract, invoice or equivalent dealing with: 1) the receipt or disbursement of funds appropriated to the system; or 2) acquisition, use or disposal of services, supplies, materials, equipment or property secured through funds appropriated to the system.

**(b) Accessibility.** All financial records are accessible to the public except the following:

(1) any part of a record setting forth information to which access is otherwise restricted by federal law, state law, court rule, court order or court policy;

(2) any part of a record setting forth a person's social security number, home address, home telephone number, date of birth, operator's license number, e-mail address, or other personal information;

(3) any part of a record setting forth financial institution account numbers, credit card numbers, personal identification numbers (PINs) and passwords used to secure accounts;

(4) any part of a record setting forth information presenting a risk to personal security, personal privacy, or the fair, impartial and orderly administration of justice, as determined by the Court Administrator of Pennsylvania.

**(c) Procedure for Requesting Access.**

(1) A request to inspect or obtain copies of records accessible pursuant to this rule and in possession or control of the Administrative Office of Pennsylvania Courts shall be made in writing to the records manager, as designated by the Court Administrator of Pennsylvania. A request to inspect or obtain copies of records accessible pursuant to this rule and in possession or control of a court of a judicial district shall be made in writing to the records manager, as designated by the president judge. A written request may be submitted in person, by mail, by e-mail, by facsimile, or, to the extent provided, any other electronic means, on a form provided by the Administrative Office.

(2) A request should identify or describe the records sought with sufficient specificity to enable the records manager to ascertain which records are being requested. A request need not include any explanation of the requester's reason for requesting or intended use of the records.

(3) The records manager shall not be required to create financial records which do not currently exist or to compile, maintain, format or organize such records in a manner in which the records are not currently compiled, maintained, formatted or organized.

(4) Within 10 business days of receipt of a written request, the records manager shall respond in one of the following manners:

(i) fulfill the request, or if there are applicable fees and costs that must be paid by the requester, notify requester

that the information is available upon payment of same;

(ii) notify the requester in writing that the requester has not complied with provisions in this rule and specifically identify the reason(s) why;

(iii) notify the requester in writing that the information cannot be provided and specifically identify the reason(s) why;

(iv) notify the requester in writing that the request has been received and the expected date that the information will be available, not to exceed 30 business days.

(5) If the AOPC records manager denies a written request for access, the denial may be appealed in writing within 15 business days of the mailing date of the written response by the records manager to the Court Administrator of Pennsylvania or designee. Within 20 business days of receipt of the appeal, the Court Administrator or designee shall make a determination and forward it in writing to the requester. This remedy need not be exhausted before other relief is sought. Any further appeal shall be subject to Chapter 15, Judicial Review of Governmental Determinations, of the Pennsylvania Rules of Appellate Procedure.

If the records manager of a judicial district denies a written request for access, the denial may be appealed in writing within 15 business days of the mailing date of the written response by the records manager to the president judge or designee. Within 20 business days of receipt of the appeal, the president judge or designee shall make a determination and forward it in writing to the requester. This remedy need not be exhausted before other relief is sought. Any further appeal shall be subject to Chapter 15, Judicial Review of Govern-mental Determinations, of the Pennsylvania Rules of Appellate Procedure.

Pa. R.J.A. 509(a)-(c).

Under 304(a) of the RTKL or Pa. R.J.A. 509(a), Plaintiff is entitled to financial records from Bucks Common Pleas. 65 P.S. § 67.304(a); Pa. R.J.A. 509(a); *Court of Common Pleas of Lackawanna County v. Office of Open Records*, 2 A.3d 810 (Pa. Cmwlth.2010). On May 11, 2010, Defendant Devlin Scott (Bucks Common Pleas RTK Appeals Officer) notified Plaintiff that Bucks Common Pleas did not have the financial information for Judge Biehn or then-President Judge Heckler for February 23, 2004. *See* Pet. for Review, Ex. 12. Although advised of his right to appeal to Commonwealth Court within 30 days, *see id.*, Plaintiff failed to do so.

Also, the remainder of the "public judicial documents" described in Plaintiff's petition for review cannot be considered financial documents for purposes of RTKL or Rules of Judicial Administration disclosure by Defendants.

Further, Plaintiff did not appeal to Defendant Devlin Scott from Defendant Praul's failure to produce the following documents: Judge Biehn's oath of office document (Pet. for Review, Ex. 15); Judge Biehn's "genuine and authenticated signature," Judge Biehn's resignation letter, and Judge Heckler's resignation letter (Pet. for Review; Ex. 17).

█ Section 1101(a) of the RTKL permits an appeal within 15 business days of the denial of the request to a judicial agency's RTK appeals officer. 65 P.S. § 67.1101(a). *See also* Pa. R.J.A. 509(c) (if the AOPC records manager denies a written request for access, the denial may be appealed in writing within 15 business days to the Court Administrator of Pennsylvania or designee). Plaintiff's failure to exhaust his administrative remedies under

the RTKL precludes this Court from taking jurisdiction. *See Muir v. Alexander,* 858 A.2d 653 (Pa.Cmwlth.2004) (as a jurisdictional defect, failure to pursue a statutory remedy may be raised at any point in a proceeding, by the parties, or by the court on its own).

■ Moreover, the RTKL provides the exclusive means to seek redress for violations of the RTKL. *Mines.* Section 1301(a) of the RTKL, 65 P.S. § 67.1301(a), provides (with emphasis added):

> (a) **General Rule.**—*Within 30 days of the mailing date of the final determination of the appeals officer relating to a decision of* a Commonwealth agency, a legislative agency or *a judicial agency . . . or the date a request for access is deemed denied, a requester or the agency may file a petition for review or other document as might be required by rule of court with the Commonwealth Court.* The decision of the court shall contain findings of fact and conclusions of law based upon the evidence as a whole. The decision shall clearly and concisely explain the rationale for the decision.

Here, Plaintiff failed to ultimately appeal *any* of Defendants' RTKL decisions to this Court. For this reason, we decline to address Plaintiff's original jurisdiction claims that Defendants' RTKL decisions violated his common law and constitutional rights. *Mines; Statewide Bldg. Maint., Inc., v. Pa. Conv. Ctr. Auth.,* 160 Pa. Cmwlth. 544, 635 A.2d 691 (1993).[10]

■ For the above reasons, Counts I–III of Plaintiff's petition for review fail to state any cognizable claim that Plaintiff has a common law or constitutional right to the requested documents or that Defendants' actions in the criminal proceedings or RTKL requests violated his common law or constitutional rights.[11]

10. Judicial Defendants alternatively argue that pursuant to Section 708(c) of the Judicial Code, 42 Pa.C.S. § 708(c) (original process complaint challenging government unit determination treated as an appeal of that determination), this Court may treat Plaintiff's filing as an RTKL appeal from Defendant Devlin Scott's final response to Plaintiff's appeal of his RTKL request to Defendant Praul regarding the office hours or court schedule for Judges Biehn and Heckler on February 23, 2004. However, we decline to treat Plaintiff's filing as an appeal, for two reasons. First, Plaintiff does not ask us to do so. Second, treating Plaintiff's filing as a RTKL appeal ignores most of his requests for declaratory relief.

Moreover, treating Plaintiff's filing as a RTKL appeal will not enhance Plaintiff's chances for success. Plaintiff filed his petition on July 29, 2010, more than 30 days after Defendant Devlin Scott's appealable determination. As a result, Plaintiff's petition is untimely as to Defendant Devlin Scott's RTKL letter. Section 1301(a) of the RTKL, 65 P.S. § 67.1301(a).

Judicial Defendants further assert Plaintiff's filing would be an untimely appeal of Defendant Praul's April 15, 2010 and May 17, 2010 RTKL decisions regarding his requests for Judge Biehn's oath of office document, Judge Biehn's genuine and authenticated signature, Judge Biehn's resignation letter and Judge Heckler's resignation letter. Moreover, by not appealing these decisions to Defendant Devlin Scott, Plaintiff failed to exhaust his administrative remedies under the RTKL. This precludes this Court from taking jurisdiction. *Muir v. Alexander,* 858 A.2d 653 (Pa. Cmwlth.2004). We agree on both grounds. Plaintiff's petition would be an untimely appeal of Defendant Praul's RTKL responses. Additionally, Plaintiff's unexplained failure to exhaust his administrative remedies constitutes a jurisdictional defect. *Id.*

11. Further, we agree with Judicial Defendants that judicial immunity may be raised on preliminary objections where it is clear on the face of the complaint that it applies. *Logan v. Lillie,* 728 A.2d 995 (Pa.Cmwlth.1999). Judges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or performed with malice, provided there is no clear absence of jurisdiction over subject matter and person. *Beam v. Daihl,* 767 A.2d 585 (Pa.Su-

## B. Count IV

■ In Count IV, Plaintiff requests an order

> declaring that Judge Kenneth G. Biehn was not President Judge Heckler's designee for 18 Pa.C.S. § 5704(2)(iv) purposes until and unless, the Defendants provide a writing or affidavit enunciating Defendant Heckler's unavailability on 2/23/2004; and the filed order, or other writing that satisfies 201 Pa.Code § 706(e), used on or before 2/23/2004, to designate Judge Kenneth G. Biehn to stand in Defendant Heckler's stead for Section 5704(2)(iv) PA Wiretap Act....

Pet. for Review at ¶ 91.

In addition to his request for documents, Plaintiff's petition for review seeks a declaration that Judge Biehn was not then-President Judge Heckler's designee for purposes of Section 5704(2)(iv) of the Wiretap Act on February 23, 2004.[12] Obviously, Count IV constitutes a collateral attack on the validity of his criminal convictions. As discussed above, Plaintiff's PCRA petition is the sole means to review the legality of his convictions. 42 Pa.C.S. § 9542; *Keller.*

Therefore, we hold Plaintiff's petition for review, a civil action in our original jurisdiction, fails to state a cognizable claim that Judge Biehn was not then-President Judge Heckler's designee for 18 Pa.C.S. § 5704(2)(iv) purposes on February 23, 2004. 42 Pa.C.S. § 9542; *Keller.*

## C. Counts V–VII

In Count V, Plaintiff requests this Court issue an order

> declaring the removal of Defendant Scott from her position as the [Bucks Common Pleas] Right–To–Know Appeals Officer because of the impermissible conflict of interest with her position as the sitting President Judge of [Bucks Common Pleas]....

Pet. for Review at ¶ 93.

In Count VI, Plaintiff requests this Court issue an order

> declaring the whole bench of [Bucks Common Pleas] has a conflict of interest in regard to all the matters that involve

---

per.2001); *Feingold v. Hill*, 360 Pa.Super. 539, 521 A.2d 33 (1987). Further judicial immunity is not only immunity from damages, but also immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Therefore, Defendants Devlin Scott and Cepparulo, acting under the RTKL and within Bucks Common Pleas' jurisdiction, are entitled to absolute immunity from Plaintiff's common law and constitutional claims. *Beam; Feingold.* The same immunity would apply to Defendant Heckler for his judicial acts as Bucks Common Pleas President Judge. *Id.* We also agree that Defendant Praul, as a court administrator acting under direction of a common pleas judge in a Bucks Common Pleas proceeding, has quasi-judicial immunity from Plaintiff's constitutional and civil rights claims. *Feingold.* Having determined Plaintiff's constitutional and civil rights claims against Judicial Defendants are barred by judicial immunity, we need not address Judicial Defendants' claims of sovereign immunity.

12. Plaintiff's petition further avers "Defendant Cepparulo 'declined to act' on over eight (8) of Plaintiff's motions and did allow non-judge Defendant Praul to judicially deny Plaintiff's appeal to the Court by virtue of the docket entry 10/30/08 stating, 'Return to File—deemed denied Per Doug Praul 10–30–08.'" *See* Pet. For Review at ¶ 31; Ex. 2. Our review of Exhibit 2 reveals that Plaintiff's allegations in Paragraph 31 of his petition refer to the criminal proceedings in *Commonwealth v. Guarrasi*, (Bucks C.P., No. 5423 C.R. 2004) and the District Attorney's disapproval of Plaintiff's private criminal complaint against Detective Carroll in *In re Guarrasi* (Bucks C.P., No. 2288 M.D. 2007). *See id.* at Ex. 2. These allegations also constitute an impermissible collateral attack on the criminal proceedings. *Keller v. Kinsley*, 415 Pa.Super. 366, 609 A.2d 567 (1992).

the Plaintiff, and maintaining venue in Bucks County for any matters involving the Plaintiff has the appearance of impropriety, and would tend to bring the judiciary into disrepute. . . .

*Id.* at ¶ 95.

In Count VII, Plaintiff requests this Court issue an order

declaring the custom of Bucks County Judges to allow non-judicial staff to sign and subscribe he [sic] Judges name to Court Orders must be prohibited, declared unconstitutional, and such documents are void. . . .

*Id.* at ¶ 97.

Defendants contend Plaintiff's petition for review also fails to state a cognizable claim for the relief requested in Counts V–VII. Their argument is as follows.

The Supreme Court is the highest court of the Commonwealth and is vested with the supreme judicial power of the Commonwealth. PA. CONST. art. V, § 2(a). "The Supreme Court shall exercise general supervisory and administrative authority over all the courts. . . ." PA. CONST. art. V, § 10(a). "The Supreme Court shall have original but not exclusive jurisdiction of all cases of . . . [m]andamus or prohibition to courts of inferior jurisdiction." 42 Pa.C.S. § 721.

Conversely, Commonwealth Court's original jurisdiction under 42 Pa.C.S. § 761(a) does not extend to such matters. 42 Pa.C.S. § 761(b). *Leiber v. County of Allegheny,* 654 A.2d 11 (Pa.Cmwlth.1994). Indeed, in order for Commonwealth Court to have any jurisdiction over Bucks Common Pleas there must be an appeal from that court pending before this Court.

*Mun. Publ'ns, Inc. v. Court of Common Pleas of Phila. Cnty.,* 507 Pa. 194, 489 A.2d 1286 (1985); *Leiber.*

■ We agree with Defendants and hold Plaintiff's petition for review fails to state a cognizable claim for recusal of the entire Bucks Common Pleas bench in all matters involving Plaintiff. The Supreme Court, as the highest court of the Commonwealth, has general supervisory and administrative authority over all lower courts, including Bucks Common Pleas. PA. CONST. art. V, §§ 2(a), 10(a); 42 Pa. C.S. §§ 721, 761; *Leiber.* This Court's jurisdiction does not extend to such matters. 42 Pa.C.S. § 761(b). *Leiber.*

■ We also agree with Defendants that the proper forum for Plaintiff to further pursue his recusal claims is his PCRA petition. *Keller.* In *Commonwealth v. Guarrasi* (Bucks C.P., No. 5423 C.R. 2004), Defendant Cepparulo denied Plaintiff's motions to recuse the entire Bucks Common Pleas bench and motions for change of venue. *See* Judicial Defendants' Prelim. Objections, Ex. B at 23.

We further hold Plaintiff's petition for review fails to state a cognizable claim for this Court's removal of Defendant Devlin Scott from her position as Bucks Common Pleas RTKL Appeals Officer. The Supreme Court, not Commonwealth Court, has general supervisory and administrative authority over Bucks Common Pleas.[13] PA. CONST. art. V, § 2(a), § 10(a); 42 Pa. C.S. §§ 721, 761; *Leiber.*

Finally, we hold Plaintiff's petition for review fails to state a cognizable original jurisdiction claim for a Commonwealth Court order regulating who signs Bucks

---

13. We also note that Commonwealth Court, not Bucks Common Pleas, has jurisdiction over appeals from Defendant Devlin Scott's RTKL appeals decisions. Section 1301(a) of the RTKL, 65 P.S. § 67.1301(a); Pa. R.J.A. 509(c)(5). Consequently, Plaintiff's stated cause for removal, that a conflict of interest exists because appeals from Defendant Devlin Scott's RTKL decisions go to Bucks Common Pleas, is mistaken.

Common Pleas orders or declaring any Bucks Common Pleas orders void based on the lack of an authentic signature. Such original jurisdiction claims fall within the authority of the Supreme Court, not the Commonwealth Court. PA. CONST. art. V, § 2(a), § 10(a); 42 Pa.C.S. §§ 721, 761.

### IV. Conclusion

Having determined Plaintiff's petition for review fails to state a cognizable claim for any of the relief requested in Counts I–VII, we sustain Defendants' demurrers and dismiss Plaintiff's petition for review in its entirety.[14] Further, because the defects in Plaintiff's petition are incurable, we need not grant Plaintiff an opportunity to amend. *Feingold.* We therefore dismiss Plaintiff's petition with prejudice.

### ORDER

**AND NOW,** this 21st day of June, 2011, for the reasons stated in the foregoing opinion, Respondents' preliminary objections are **SUSTAINED,** and Petitioner Guarrasi's petition for review is **DISMISSED with PREJUDICE.**

---

**14.** Having dismissed all Counts of Plaintiff's petition for review for legal insufficiency, County Defendants' preliminary objection raising *res judicata* is overruled as moot.