J-S33042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COM. EX. REL. FRANKLIN D. VIRGILI, JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARK V. CAPOZZA | |
| Appellee | No. 1799 WDA 2015 |

Appeal from the PCRA Order November 2, 2015
In the Court of Common Pleas of Greene County
Civil Division at No(s): 543 AD 2015

BEFORE:  GANTMAN, P.J., OLSON, J., and FITZGERALD, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED APRIL 26, 2016**

Appellant, Franklin D. Virgili, Jr., appeals *pro se* from the order entered in the Greene County Court of Common Pleas, which denied his *pro se* serial petition for collateral relief (labeled a petition for writ of *habeas corpus ad subjiciendum*), per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On February 12, 1997, Appellant pled guilty to homicide generally at criminal docket number CP-30-CR-0000028-1996. The court held a degree-of-guilt hearing and convicted Appellant of first-degree murder on March 22, 1997.  The court sentenced Appellant that day to life imprisonment.  This Court affirmed the sentence on September 21, 1998.  **See Commonwealth v. Virgili**, 726 A.2d 1084 (Pa.Super. 1998). Appellant did not seek further direct review.  On August 5, 2015, Appellant

_____

*Former Justice specially assigned to the Superior Court.

filed the current petition for writ of *habeas corpus ad subjiciendum* in the civil division, challenging his criminal conviction and sentence. The court treated Appellant's filing as a serial PCRA petition and denied it as untimely on November 2, 2015.[1] On November 16, 2015, Appellant timely filed a notice of appeal. No Pa.R.A.P. 1925(b) statement was ordered or filed.

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition, even if captioned as a request for *habeas corpus* relief, if the petition raises issues for which the relief sought is available under the PCRA. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). The writ of *habeas corpus* continues to exist as a separate remedy only if the claim raised is not cognizable under the PCRA. **Peterkin, supra** at 552, 722 A.2d at 640. As well, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Turner**, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one

_____

[1] The record does not contain an order issuing appropriate notice per Pa.R.Crim.P. 907 prior to the court's denial of PCRA relief. Appellant has not raised this issue on appeal, so he waived any defect in notice. **See Commonwealth v. Taylor**, 65 A.3d 462 (Pa.Super. 2013) (explaining appellant's failure to challenge lack of Rule 907 notice results in waiver of claim). Moreover, failure to issue Rule 907 notice is not reversible error where the petition is untimely. **Id.**

year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant attacks his first-degree murder conviction and life sentence, claiming the Commonwealth did not specifically charge him with first-degree murder, the court lacked statutory authority to impose a life sentence, and the Commonwealth lacked authority to instruct the judge on first-degree murder where Appellant's case was not a capital case. Despite his effort to distance his current petition from the PCRA, Appellant's challenges to the legality of his conviction and sentence are cognizable under the PCRA. *See Commonwealth v. Fowler*, 930 A.2d 586 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (holding any collateral attack on legality of sentence must be raised in PCRA petition); *Guarrasi v. Scott*, 25 A.3d 394 (Pa.Cmwlth. 2011) (stating plaintiff cannot use civil action to wage collateral attack on his criminal proceedings). Thus, the court properly treated Appellant's most recent prayer for collateral relief as a PCRA petition. *See Peterkin, supra*. Further, Appellant's judgment of sentence became final on October 21, 1998, upon expiration of the time to

file a petition for allowance of appeal with our Supreme Court. **See** Pa.R.A.P. 1113(a). Appellant filed the current, *pro se* serial petition for collateral relief on August 5, 2015, which is patently untimely.[2] **See** 42 Pa.C.S.A. § 9545(b)(1). In his effort to keep his petition outside the PCRA, Appellant did not plead or prove any of the statutory exceptions required to revive an otherwise untimely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Thus, Appellant's petition remains an untimely PCRA petition, and the court properly denied relief. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2016

---

[2] The docket entries in Appellant's criminal case indicate the present petition is at least his third petition for collateral relief.