Russell Scott Shick, pro se       :
Linda Dianne Shick,           :
                                    :
            Petitioners     :
                                    :
           v.             : No. 583 M.D. 2016
                                    : Submitted: May 11, 2018
John E. Wetzel, Secretary,     :
PA Department of Corrections,  :
Trevor Wingard, Superintendent,  :
State Correctional Institution at    :
Somerset, Laurel Harry, Superintendent, :
State Correctional Institution at Camp :
Hill, Michael R. Clark, Superintendent, :
State Correctional Institution at Albion, :
                                    :
           Respondents   :

OPINION NOT REPORTED

MEMORANDUM OPINION
**PER CURIAM**                         FILED: September 10, 2018

Before the Court are the preliminary objections (POs) of Respondents John E. Wetzel, Secretary of Corrections of the Pennsylvania Department of Corrections (Department), Trevor Wingard, Superintendent of the State Correctional Institution (SCI)-Somerset, Laurel Harry, Superintendent of SCI-Camp Hill, and Michael R. Clark, Superintendent of SCI-Albion (collectively, Respondents) to the *pro se* Complaint in Civil Action (Complaint) filed in this Court's original

jurisdiction[1] by Russell Scott Shick and Linda Dianne Shick (collectively, Shicks), an inmate who has been housed at the foregoing SCIs at various points during the service of his criminal sentences, and his wife. We sustain the PO and dismiss the Complaint with prejudice.

On October 15, 2016, the Shicks filed the Complaint seeking compensatory and punitive damages in excess of $302,000 based on the damages suffered by both flowing from the duress, strain, stress, and mental anguish caused by the actions of the Respondents, acting both individually and in their official capacities, during his incarceration.[2] The Shicks also seek the expunction of two misconduct charges imposed during this period.

Specifically, the Shicks allege that Russell Shick has been subjected to multiple drug screenings during his incarceration. In the three instances in which the testing purportedly revealed the presence of controlled substances, misconduct proceedings ensued and Russell Shick was sanctioned to serve time in the Restricted Housing Unit (RHU). As a result, Russell Shick suffered restricted visitation privileges precluding contact visits with his wife, his stepdaughter, and his grandchildren; he was not permitted any open-air exercise; and his wife suffered multiple indignities attendant to his restricted status.

Additionally, while he was confined in the RHU, Russell Shick filed grievances after he was denied access to his wheelchair. In one instance while

---

[1] The Complaint shall be treated as a petition for review addressed to our original jurisdiction. Section 761 of the Judicial Code, 42 Pa. C.S. §761; Pa. R.A.P. 1502, 1513.

[2] Russell Shick is currently serving concurrent sentences of 7½ to 15 years and 2 to 6 years based on his guilty pleas to aggravated assault and the manufacture, delivery, or possession with the intent to manufacture or deliver a controlled substance. *See Commonwealth v. Shick* (C.P. Cambria., Case No. CP-11-CR-0000785-2014); *Commonwealth v. Shick* (C.P. Jefferson, Case No. CP-33-CR-0000193-2015).

2

confined at SCI-Camp Hill, although his grievance was denied, he was transferred to another unit and the wheelchair was returned to him. When he was disciplined for a positive drug test result on his transfer to SCI-Albion, his wheelchair was returned to him in return for the withdrawal of his grievance. Based on the foregoing assertions, the Shicks allege violations of their constitutional rights to due process and against cruel and unusual punishment, self-incrimination, and double jeopardy. The Shicks specifically allege that Respondents' liability is premised on *respondeat superior* for all of the purportedly actionable claims in the Complaint. Complaint ¶¶B, D, E, F, G.

On November 16, 2016, Respondents filed POs in the nature of a demurrer to the Complaint.[3] In the POs, Respondents argue: (1) the misconduct hearings based on positive drug test results did not violate the Shicks' due process rights because Russell Shick does not have a liberty interest in remaining in the general population; (2) the placement of Russell Shick in the RHU based on the positive drug test results, and the temporary deprivation of access to his wheelchair, do not constitute cruel and unusual punishment because remaining in the general population is not a protected liberty interest and the wheelchair was returned; (3) moreover, in this regard, individual government defendants must be personally involved in the alleged wrongdoing because liability cannot be based solely on

---

[3] "In ruling on preliminary objections, the courts must accept as true all well-pled facts that are material and all inferences reasonably deducible from the facts." *Pennsylvania Independent Oil & Gas Association v. Department of Environmental Protection*, 135 A.3d 1118, 1123 (Pa. Cmwlth. 2015), *aff'd*, 161 A.3d 949 (Pa. 2017) (quoting *Guarrasi v. Scott*, 25 A.3d 394, 400 n.5 (Pa. Cmwlth. 2011)). "However, we 'are not required to accept as true any unwarranted factual inferences, conclusions of law or expressions of opinion.'" *Id.* (quoting *Guarrasi*, 25 A.3d at 400 n.5). "To sustain preliminary objections, 'it must appear with certainty that the law will permit no recovery' and '[a]ny doubt must be resolved in favor of the non-moving party.'" *Id.* (quoting *Guarrasi*, 25 A.3d at 400 n.5).

*respondeat superior* and the Complaint fails to allege any personal involvement, direction, or knowledge on Respondents' part; (4) the Department's drug screening policy does not violate the Fifth Amendment because it is based on a valid penological interest of ensuring public safety and prison security and does not violate Russell Shick's right against self-incrimination; and (5) the Shicks cannot establish that the denial of contact violates their due process rights.

As a federal district court[4] has explained:

> In a [Section] 1983 civil rights action[5] the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors.
>
> It is well established that personal liability under Section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. It is also well settled . . . that personal involvement of defendants in alleged constitutional deprivations is a requirement in a [Section] 1983 case and that a complaint must allege such personal involvement. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based.

*Atwell v. Lavan*, 557 F. Supp. 2d 532, 540-41 (M.D. Pa. 2008) (citations and footnote omitted). *See also Price v. Simcox* (Pa. Cmwlth., No. 307 C.D. 2017, filed

---

[4] "[T]he pronouncements of the lower federal courts have only persuasive, not binding, effect on the courts of this Commonwealth . . . ." *In re Stevenson*, 40 A.3d 1212, 1221 (Pa. 2012).

[5] The Shicks premised liability on 42 U.S.C. §1983. *See* Petition in Response to Defendant's POs ¶A.6 ("Petitioner would state that he rests his case regarding the referenced section on this premise.").

September 28, 2017), slip op. at 9 (The "complaint contains no allegations that these individuals personally engaged in any wrongdoing or actionable conduct. Merely being in the 'chain of command' does not subject them to suit on a theory of vicarious responsibility. *DuBree v. Commonwealth*, 393 A.2d 293, 295 (Pa. 1978) [(plurality opinion)].")[6]; *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.").

"Moreover, prisoners have no constitutionally-protected right to a grievance procedure and participation in after-the-fact review of a grievance or appeal is not enough to establish personal involvement for purposes of [Section] 1983." *Martin v. Giroux* (Pa. Cmwlth., No. 1934 C.D. 2016, filed May 26, 2017), slip op. at 8 (citations omitted). *See also Bush v. Veach*, 1 A.3d 981, 986 (Pa. Cmwlth. 2010) (rejecting an inmate's claims that a superintendent had actual knowledge of or acquiesced in impermissible retaliatory acts through the superintendent's review of the appeals of the denials of the inmate's grievances).

In the instant matter, all of the Shicks' claims are based on a theory of *respondeat superior*, which is insufficient to support a valid Section 1983 claim against the named Respondents. *Atwell*. Moreover, to the extent that the Shicks assert the Respondents' liability is based on their involvement in the appeals of the

---

[6] *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a) ("Parties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

5

denials of Russell Shick's grievances, as outlined above, we have specifically rejected such a claim to support the requisite direct involvement for purposes of a Section 1983 claim. *Martin*; *Bush*.

Accordingly, Respondents' PO in the nature of a demurrer is sustained and the Complaint is dismissed with prejudice.[7]

---

[7] Based on our disposition of this PO, we will not consider the remaining objections.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Russell Scott Shick, pro se       :
Linda Dianne Shick,           :
                                   :
              Petitioners    :
                                   :
              v.           : No. 583 M.D. 2016
                                   :
John E. Wetzel, Secretary,     :
PA Department of Corrections,  :
Trevor Wingard, Superintendent, :
State Correctional Institution at  :
Somerset, Laurel Harry, Superintendent, :
State Correctional Institution at Camp  :
Hill, Michael R. Clark, Superintendent,  :
State Correctional Institution at Albion,  :
                                   :
             Respondents   :

**PER CURIAM**

# **O R D E R**

AND NOW, this 10<u>th</u> day of <u>September</u>, 2018, Respondents' preliminary objection in the nature of a demurrer is SUSTAINED, and Petitioners' Complaint in Civil Action is DISMISSED with prejudice.