# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dontae Lee Harris,                         :
                      Petitioner           :
                                           :
            v.                             :
                                           :
Pennsylvania State Police,                 :     No. 625 M.D. 2019
                      Respondent           :     Submitted: August 7, 2020


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED: September 17, 2020


Before this Court is the Pennsylvania State Police's (PSP) preliminary objection (Preliminary Objection) to Dontae Lee Harris' (Harris) pro se petition for review in the nature of a writ of mandamus (Petition) filed in this Court's original jurisdiction. After review, we sustain the Preliminary Objection and dismiss the Petition.

On April 12, 2016, Harris was charged with two counts of Statutory Sexual Assault, one count of Sexual Assault, two counts of Corruption of Minors, three counts of Indecent Assault, and one count of Rape Forcible Compulsion.[1] *See* Petition ¶5. On December 11, 2017, Harris pled guilty to one count of Statutory Sexual Assault

---

[1] Harris alleges in his Petition that he committed the offenses on October 16, 2010; *see* Petition ¶27; however, in his brief, Harris states that the offenses were committed between August 2014 and December 2015. *See* Harris Br. at 7. According to the docket entries, the offenses were committed on December 29, 2015. *See* Docket for CP-15-CR-0001517-2016. "[P]reliminary objections raising an issue under subdivision (a)(2), (3) or (4) may be determined from facts of record so that further evidence is not required." Pa.R.C.P. No. 1028(c)(2) Note.

and Corruption of Minors. *See* Petition ¶6. The remaining charges were withdrawn. Harris was sentenced to 28 to 56 months' incarceration, and 5 months' consecutive probation, respectively. *See id.* According to the inmate locator, Harris was released from custody on April 29, 2020. *See* http://inmatelocator.cor.pa.gov (last visited September 16, 2020). Upon his release, Harris was required to register as a sex offender pursuant to Subchapter H of the Sexual Offender Registration and Notification Act (SORNA I), Act of February 21, 2018, P.L. 27 (Act 10), *as amended*, by the Act of June 12, 2018, P.L. 140 (Act 29), 42 Pa.C.S. §§ 9799.10-9799.75 (collectively, SORNA II).

At the time Harris committed his offenses, SORNA I was in effect (effective December 20, 2012). In *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), the Pennsylvania Supreme Court declared SORNA I unconstitutional to the extent that it applied to individuals who committed their offenses before December 20, 2012. Thereafter, the General Assembly enacted SORNA II, which has two subchapters. Subchapter H is based on SORNA I and is applicable to offenders who committed their offenses after the December 20, 2012 effective date of SORNA I; Subchapter I is applicable to offenders who committed their offenses prior to SORNA I's effective date and to which the *Muniz* decision directly applied.

On November 14, 2019, Harris filed his Petition challenging his sexual offender registration under SORNA I and/or SORNA II under *Muniz*. *See* Petition ¶12. Harris is also seeking in excess of $1,000,000.00 in compensatory damages. *See* Petition ¶33. On December 24, 2019, PSP filed its Preliminary Objection in the nature of a demurrer asserting that because SORNA I was in effect at the time Harris committed his offenses, and *Muniz* only addressed the retroactive application of SORNA I, Harris' *ex post facto* argument cannot rely on *Muniz* to circumvent his registration requirements under SORNA II.

The law is well settled:

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review in the nature of a] complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the [petition for review in the nature of a] complaint.

*Freemore v. Dep't of Corr.*, ___ A.3d ___, ___ (Pa. Cmwlth. No. 536 M.D. 2019, filed May 1, 2020), slip op. at 5 (quoting *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted)).

PSP argues that even if being required to register under SORNA II is considered punitive, there can be no *ex post facto* violation in the instant case, because the punishment Harris faced when he committed the offenses, i.e., under SORNA I, has not changed under SORNA II. PSP cites *Commonwealth v. Brozik* (Pa. Super. No. 318 WDA 2019, filed October 4, 2019), *appeal denied*, 226 A.3d 1223 (Pa. 2020),[2] to support its position.

Harris avers that SORNA I was in place when he committed his crimes; thus, because *Muniz* ruled that SORNA I violates the *ex post facto* clause, he cannot be

---

[2] This Court recognizes that it is "not bound by the Superior Court's precedents, although where persuasive, we are free to adopt the Superior Court's reasoning." *Wertz v. Chapman Twp.*, 709 A.2d 428, 433 n.8 (Pa. Cmwlth. 1998), *aff'd*, 741 A.2d 1272 (Pa. 1999).

required to register under SORNA I.[3] *See* Petition ¶15. Harris also asserts that because *Muniz* declared SORNA I unconstitutional, and SORNA II was not yet enacted at the time he committed his offenses, he cannot be required to register as a sex offender under either statute. Harris relies upon *Commonwealth v. Derhammer*, 173 A.3d 723 (Pa. 2017), to maintain this contention. *See* Petition ¶¶18, 31.

SORNA I became effective December 20, 2012. *Muniz* addressed SORNA I, which applied to those sexual offenders whose crimes occurred between April 22, 1996 and December 20, 2012. Subchapter H of SORNA II applies to sexual offenders whose crimes occurred on or after December 20, 2012. Harris is a tier III offender, and under both SORNA I and SORNA II he is required to register for life.

Pursuant to Section 1961 of the Statutory Construction Act of 1972,

[w]henever a statute reenacts a former statute, the provisions common to both statutes shall date from their first adoption. Such provisions only of the former statute as are omitted from the reenactment shall be deemed abrogated, and only the new or changed provisions shall be deemed to be the law from the effective date of the reenactment.

1 Pa.C.S. § 1961.

In *Brozik*, the petitioner committed the offense of statutory indecent assault, 18 Pa.C.S. § 3122.1(b), on September 3, 2015, and was convicted thereof on September 12, 2017. The petitioner argued that his lifetime registration was illegal under *Muniz*. The *Brozik* Court held:

In *Muniz*, our Supreme Court determined that SORNA [I]'s registration and reporting provisions are punitive and that retroactive application of SORNA [I]'s provisions violates the federal and state *ex post facto* clauses of the United States and Pennsylvania Constitutions. *Id.* at 1193. Here, the trial court correctly determined that because [the petitioner] committed the crime of statutory indecent assault, 18

---

[3] Notably, because Harris committed his offense after December 20, 2012, Subchapter I of SORNA II does not apply to him. Rather, Subchapter H of SORNA II applies to Harris.

Pa.C.S.[] § 3122.1(b), on September 3, 2015, [the petitioner] was a [t]ier III sex offender under SORNA [I], with a lifetime registration requirement. *See* 42 Pa.C.S.[] §§ 9799.14(d)(3), 9799.15(a)(3)[.] Because SORNA [I] became effective on December 20, 2012, well before the date [the petitioner] committed his crimes, the trial court did not retroactively apply SORNA [II]'s registration and reporting requirements to [the petitioner]. Thus, *Muniz* affords [the petitioner] no relief.

*Brozik*, slip op. at 3 (record citations omitted). This Court finds the Superior Court's reasoning in *Brozik* persuasive.

Here, Harris committed statutory sexual assault, 18 Pa.C.S. § 3122.1(b), *see* Petition ¶5, on December 29, 2015. *See* Docket for CP-15-CR-0001517-2016;[4] *see also* Harris Br. at 7. Thus, Harris is also a tier III sex offender under SORNA I, *see* 42 Pa.C.S. § 9799.14(d)(3), with a lifetime registration requirement. *See* 42 Pa.C.S. § 9799.15(a)(3). Accordingly, "[b]ecause SORNA [I] became effective on December 20, 2012, well before the date [Harris] committed his crimes, . . . *Muniz* affords [Harris] no relief." *Brozik*, slip op. at 3.

In *Derhammer*, upon which Harris relies, the petitioner was convicted of a sexual offense. Subsequent to his release from custody, on April 1, 2009, the petitioner moved to a new residence. On April 6, 2009, he registered with the PSP. Pursuant to Megan's Law III,[5] the statute in effect at the time the petitioner moved, the petitioner was required to register with the PSP within 48 hours. The petitioner was charged with the second-degree felony of failing to register as a sex offender. The petitioner was convicted therefor and sentenced to a term of imprisonment. After his direct appeal rights were restored *nunc pro tunc*, the Pennsylvania Superior Court

---

[4] "Because [Harris] admits his criminal conviction[] and references [the docket number], we may take judicial notice of [the docket entries therein]." *Guarrasi v. Scott*, 25 A.3d 394, 397 n.3 (Pa. Cmwlth. 2011).

[5] 42 Pa.C.S. §§ 9791-9799.75. SORNA I, 42 Pa.C.S. §§ 9799.10-9799.41, replaced Megan's Law III.

awarded him a new trial due to the trial court's failure to conduct a jury-waiver colloquy. In the interim, Megan's Law III expired and SORNA I was enacted. Pursuant to SORNA I, the petitioner had three business days to register his new address with the PSP. Because April 1, 2009 was a Friday, the petitioner timely registered under SORNA I. Thus, the *Derhammer* Court dismissed the petitioner's charge.

> The *Derhammer* Court explained:
>
> In *In re Dandridge*, . . . 337 A.2d 885 ([Pa.] 1975), this Court referenced the [United States] Supreme Court's explanation that '[w]hen the legislature repeals a criminal statute *or otherwise removes the* [*s*]*tate's condemnation* from conduct that was formerly deemed criminal, this action requires the dismissal of a pending criminal proceeding charging such conduct.' *Dandridge*, . . . 337 A.2d at 888 (quoting *Bell v. Maryland*, 378 U.S. 226, 230 . . . (1964)) (emphasis added). Here, the condemnation was removed from [the petitioner's] conduct when SORNA [I] was enacted, as SORNA [I] gave registrants three business days to report address changes - a requirement with which [the petitioner] complied[.]

*Derhammer*, 173 A.3d at 730-31. Conversely, here, Harris' lifetime sexual offender registration was required under SORNA [I] and remains required under SORNA II. Thus, *Derhammer* is inapposite.

Because Harris is specifically challenging his sex offender registration under *Muniz* and *Derhammer*, Harris "has clearly failed to state a claim for which relief can be granted." *Freemore*, slip op. at 5 (quoting *Torres*, 997 A.2d at 1245). Accordingly, PSP's Preliminary Objection is sustained. Since Harris has failed to state a claim for relief, he cannot be entitled to damages.

For all of the above reasons, PSP's Preliminary Objection is sustained and the Petition is dismissed.

_____
ANNE E. COVEY, Judge

6

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dontae Lee Harris,            :
               Petitioner     :
                                :
          v.                :
                                :
Pennsylvania State Police,       :     No. 625 M.D. 2019
             Respondent    :

## O R D E R

AND NOW, this 17th day of September, 2020, the Pennsylvania State Police's preliminary objection to Dontae Lee Harris' petition for review in the nature of a writ of mandamus (Petition) is SUSTAINED and the Petition is DISMISSED.


_____
ANNE E. COVEY, Judge