Commonwealth of Pennsylvania : 
Ex Rel. Craig W. Stedman, : 
District Attorney, Lancaster County : 
                                                  : No. 1542 C.D. 2015 
                v. : 
                                                 : Argued: March 9, 2016 
Jayne F. Duncan, Magisterial : 
District Judge, : 
                Appellant :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE ROBERT SIMPSON, Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge

OPINION BY
JUDGE McCULLOUGH                          FILED: September 9, 2016

Jayne F. Duncan, Magisterial District Judge, appeals from the August 17, 2015 order of the Court of Common Pleas of Lancaster County (trial court) granting a petition for writ of mandamus filed by Craig W. Stedman, District Attorney for Lancaster County, and directing Judge Duncan to enter guilty verdicts from May 15, 2015, on three separate traffic citations issued to Shawn Kerr (Kerr).

**Facts and Procedural History**

On April 12, 2015, Officer Joshua Reager issued Kerr three summary traffic citations for operating a vehicle without a valid inspection, without evidence of emission inspection, and with unsafe equipment, i.e., window tint. The citations were filed with Judge Duncan's office. A hearing on the citations was scheduled for May

15, 2015, a date that Judge Duncan was not present in her office. Senior Magisterial District Judge Daniel Garrett sat in Judge Duncan's place that day. Kerr did not appear for the hearing. A hearing in absentia was held after which Senior Judge Garrett found Kerr guilty on all three citations. However, the guilty verdicts were never entered or recorded on the docket. Instead, on May 19, 2015, the docket in each case was marked continued with a hearing rescheduled for June 15, 2015.

After receiving a notice from Judge Duncan to appear on June 15, 2015, for these same three citations, Officer Reager contacted the Lancaster County District Attorney's Office, and a representative of that office later called Judge Duncan to discuss the matter. The hearing went forward on June 15, 2015. Kerr pleaded guilty to the citations for operating a vehicle without a valid inspection and evidence of emission inspection, and Officer Reager withdrew the third citation relating to unsafe equipment. The dispositions from June 15, 2015, were entered and recorded.

Approximately one week later, District Attorney Stedman, on behalf of the Commonwealth, filed a petition with the trial court for a writ of mandamus directing Judge Duncan to enter the guilty verdicts from May 15, 2015, for all three citations. The petition alleged that the June 15, 2015 dispositions were void and that, in accordance with Rules 454 and 455 of the Pennsylvania Rules of Criminal Procedure (Pa.R.Crim.P.), Judge Duncan must record the May 15, 2015 guilty verdicts. The petition described the Commonwealth's interest in the matter as ensuring the accuracy of criminal records and alleged the lack of any other remedy at law to obtain the requested relief. By order dated June 23, 2015, the trial court directed Judge Duncan to remove the "continued" status notations, as well as the "withdrawn" notation, and enter the May 15, 2015 guilty verdicts.

2

Following discussions between the parties, which included the request of Judge Duncan for a hearing with respect to the Commonwealth's mandamus petition, the Commonwealth agreed that such a hearing was required and filed a petition to vacate the trial court's June 23, 2015 order. By order dated June 25, 2015, the trial court vacated its previous order granting mandamus and scheduled a hearing. Although not entirely clear in the record, it appears that Judge Duncan filed a motion to stay/dismiss the Commonwealth's mandamus petition. A hearing was held on August 17, 2015, with the Honorable Arthur R. Tilson from Montgomery County presiding.

At this hearing, Judge Duncan first questioned whether original jurisdiction of this matter lays with our Supreme Court, rather than the trial court, under section 721 of the Judicial Code, which provides that "[t]he Supreme Court shall have original but not exclusive jurisdiction of all cases of . . . (2) Mandamus or prohibition to courts of inferior jurisdiction . . . ." 42 Pa.C.S. §721(2). (Notes of Transcript (N.T.), August 17, 2015, at 6.) Judge Duncan also cited our decision in *Leiber v. County of Allegheny*, 654 A.2d 11 (Pa. Cmwlth. 1994), wherein we held that our Supreme Court had "exclusive jurisdiction" over a mandamus complaint filed by William Leiber because the request for the issuance of a writ of mandamus was against a district justice, an inferior tribunal, and no appeal was pending before this Court.[1]

The Commonwealth responded by referencing the trial court's general powers under section 912 of the Judicial Code, 42 Pa.C.S. §912, as well as its

---

[1] Judge Duncan also cited our Supreme Court's decision in *Municipal Publications, Inc. v. Court of Common Pleas of Philadelphia County*, 489 A.2d 1286 (Pa. 1985), wherein the court similarly held that it, not the Superior Court, had jurisdiction to entertain a prohibition action when no appeal was pending before the Superior Court.

unlimited original jurisdiction over all actions and proceedings, "[e]xcept where exclusive original jurisdiction of an action or proceeding is by statute or by general rule . . . vested in another court of this Commonwealth" under section 931(a) of the Judicial Code, 42 Pa.C.S. §931(a). The Commonwealth noted that section 721 of the Judicial Code does not vest exclusive jurisdiction in our Supreme Court to hear mandamus actions. After a brief recess to review the relevant statutes and case law, the trial court stated that it had jurisdiction to hear the matter. (N.T., August 17, 2015, at 8-11.)

Judge Duncan then questioned whether a mandamus action could be properly brought, asserting her belief that the Commonwealth, via District Attorney Stedman, was the wrong moving party. Judge Duncan also questioned whether the District Attorney's participation implicates a separation of powers problem by infringing upon her discretion not to conduct a trial in the defendant's absence if good cause is shown under Pa.R.Crim.P. 455(A) and her ability to modify or rescind an order within thirty days under section 5505 of the Judicial Code, 42 Pa.C.S. §5505. Further, Judge Duncan expressed her belief that the Commonwealth had other available remedies at law. (N.T., August 17, 2015, at 11-16.)

The Commonwealth countered that it had no other available remedy to ensure that the verdicts rendered by Senior Judge Garrett were properly entered; that Judge Duncan was required to record those verdicts; that Judge Duncan's discretion to modify or rescind an order is limited, especially when that order is issued by another judge; and that Pa.R.Crim.P. 455 does not allow a judge to undo a verdict. The Commonwealth also noted that once a verdict is entered, the exclusive means of challenging it is by filing a notice of appeal in accordance with Pa.R.Crim.P. 460. (N.T., August 17, 2015, at 16-20, 24-25.)

4

Following a stipulation by the parties, the Commonwealth entered the original citations issued to Kerr into evidence, without objection, which bear notations along the side stating the date and the fact that the defendant was found guilty in absentia, followed by Senior Judge Garrett's initials. One of the citations also includes two post-it notes, the first providing an accounting of the fines, costs, and other fees, and the second stating that defendant Kerr arrived at the office at 11:45 a.m. and said he worked third shift and overslept, followed by the word "Reschedule." The trial court refused to allow Judge Duncan to present the testimony of members of her office staff who wrote these notes as witnesses. (N.T., August 17, 2015, at 31-36.)

The Commonwealth called Officer Reager as a witness. Officer Reager testified as to the citations he issued to Kerr. He further testified that he was in attendance for the May 15, 2015 hearing before Senior Judge Garrett, scheduled for 10:15 a.m., but Kerr was not; he attested to the facts stated in the citations; and he stated that Senior Judge Garrett announced guilty verdicts on all three citations in open court. Officer Reager said that he later learned that the hearing on Kerr's citations had been rescheduled for June, which he confirmed on an interdepartmental scheduling system. Officer Reager said that he next called the District Attorney's office because he was concerned about double jeopardy. Officer Reager testified that he subsequently appeared for the June 15, 2015 hearing before Judge Duncan, during which one of the citations was withdrawn and guilty verdicts were entered on the remaining two citations. Thereafter, counsel for Judge Duncan sought to call Judge Duncan as a witness, but the trial court would not allow her to testify. At the conclusion of the hearing, the trial court announced that it was granting the Commonwealth's petition for mandamus. (N.T., August 17, 2015, at 36-58.)

5

The trial court issued an order that same day directing Judge Duncan to remove the notations that the hearing was "continued" and the citation "withdrawn," and enter the May 15, 2015 guilty verdicts. On August 21, 2015, Judge Duncan filed a notice of appeal with the trial court as well as a motion for stay/supersedeas of the August 17, 2015 order. By order dated September 8, 2015, the trial court denied Judge Duncan's motion and directed her to comply with its previous order within ten days of the date of the order, i.e., by September 18, 2015. Judge Duncan thereafter filed an emergency motion for stay/supersedeas with this Court. By order dated October 22, 2015, this Court granted Judge Duncan's emergency motion pending disposition of her appeal.

## Discussion

### Jurisdiction

On appeal, Judge Duncan reiterates the arguments raised before the trial court. First, she argues that jurisdiction of this action properly rests with our Supreme Court, not the trial court, under section 721 of the Judicial Code. The Commonwealth responds by noting that section 721 does not grant the Supreme Court exclusive jurisdiction over mandamus actions and cites to the general powers and jurisdiction of common pleas courts under sections 912 and 931(a) of the Judicial Code. We agree with Judge Duncan.

As noted above, section 721 of the Judicial Code addresses our Supreme Court's original jurisdiction, providing as follows:

> The Supreme Court shall have original but not exclusive jurisdiction of all cases of:
>
> (1) Habeas corpus.

6

(2) Mandamus or prohibition to courts of inferior jurisdiction.

(3) Quo warranto as to any officer of Statewide jurisdiction.

42 Pa.C.S. §721. In *Leiber*, we recognized a district justice as a "judicial officer serving in the minor judiciary," or, in other words, a "member of an inferior tribunal." 654 A.2d at 14. Hence, the action brought by the Commonwealth in this case, seeking the issuance of a writ of mandamus to a court of inferior jurisdiction, falls within the express provision of section 721(2).

Section 912 states, in pertinent part, that "[e]very court of common pleas shall have power to issue, under its judicial seal, every lawful writ and process to or to be served or enforced by system and related personnel as such courts have been heretofore authorized by law or usage to issue." 42 Pa.C.S. §912. Section 931(a) provides, in pertinent part, that "[e]xcept where exclusive original jurisdiction of an action or proceeding is . . . vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas." 42 Pa.C.S. §931(a).

While section 931(a) acts as a catch-all provision for the jurisdiction of courts of common pleas, unlike section 721, it does not specifically reference mandamus actions. Instead, the Supreme Court's jurisdiction over such actions can be traced back to the King's Bench and has been consistently recognized by the Supreme Court's jurisprudence. *See*, *e.g.*, *In re Bruno*, 101 A.3d 635 (Pa. 2014) (recognizing that the Supreme Court's earliest uses of the King's Bench powers commonly implicated the common law writs of mandamus and prohibition); *Pennsylvania Labor Relations Board v. Butz*, 192 A.2d 707 (Pa. 1963) (noting that

7

the issuance of a writ of prohibition is not within the powers of a common pleas court and discussing the Act of May 22, 1722, 1 Sm.P.L. 131, which established a Supreme Court and County Courts of Common Pleas for Pennsylvania and invested the former with all the powers of the High Court Justices at Westminster, including the power to issue writs of prohibition and mandamus); *Carpentertown Coal & Coke Co. v. Laird*, 61 A.2d 426 (Pa. 1948) (recognizing the Supreme Court's long-standing jurisdiction over writs of prohibition and mandamus to courts of inferior jurisdiction).

Moreover, although section 721 states that the Supreme Court's jurisdiction over mandamus actions is not exclusive, the necessity of such language becomes apparent upon review of sections 741 and 761(c) of the Judicial Code, 42 Pa.C.S. §§741, 761(c), which address the original jurisdiction of our Superior Court and this Court, respectively. Section 741 provides that:

> The Superior Court shall have no original jurisdiction, except in cases of mandamus and prohibition to courts of inferior jurisdiction where such relief is ancillary to matters within its appellate jurisdiction, and except that it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus under like conditions returnable to the said court.

42 Pa.C.S. §741. Section 761(c) similarly provides, in pertinent part, that:

> The Commonwealth Court shall have original jurisdiction in cases of mandamus and prohibition to courts of inferior jurisdiction and other government units where such relief is ancillary to matters within its appellate jurisdiction, and it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus under like conditions returnable to the said court.

42 Pa.C.S. §761(c).

8

These sections vest concurrent jurisdiction over mandamus actions with our Superior Court, and this Court, respectively, but only insofar as the relief sought is ancillary to matters within our appellate jurisdiction. *See Municipal Publications, Inc. v. Court of Common Pleas of Philadelphia County*, 489 A.2d 1286 (Pa. 1985); *Leiber*. They also serve to reinforce the Supreme Court's original jurisdiction over writs of prohibition and mandamus to courts of inferior jurisdiction. In other words, if the Superior Court and this Court do not have original jurisdiction of mandamus actions unless an appeal is pending, then such jurisdiction can only lie with our Supreme Court as set forth in section 721(2) of the Judicial Code, 42 Pa.C.S. §721(2). As we recently explained in *Kneller v. Stewart*, 112 A.3d 1269, 1271 (Pa. Cmwlth. 2015), "[e]xclusive jurisdiction over non-ancillary mandamus to courts of inferior jurisdiction lies in the Pennsylvania Supreme Court." In *Kneller*, a constable filed a mandamus action in this Court's original jurisdiction against a magisterial district judge seeking payment of fees for serving warrants. Ultimately, we transferred the matter to our Supreme Court. We relied on *Municipal Publications, Inc.*, and *Leiber* in reaching this conclusion.

In *Municipal Publications, Inc.*, James Reginald Edgehill filed a libel action against Municipal Publications, Inc., D. Herbert Lipson, and Alan Halpern. The common pleas court judge heard the matter without a jury and ultimately entered a verdict in favor of Edgehill in the amount of $7,000,000.00. Prior to entry of the verdict, the appellees filed a motion for recusal, alleging that the common pleas court judge was biased in favor of Edgehill's counsel. The common pleas court judge had originally assigned the recusal motion to motions court, but he later vacated that order and scheduled a hearing before himself, during which he provided testimony.

9

The appellees subsequently filed a petition for a writ of prohibition with the Superior Court, seeking to bar the common pleas court judge from ruling on the recusal motion. The Superior Court granted the appellees' petition and directed the President Judge of the common pleas court to appoint a judge from another county to decide the recusal motion. Edgehill then appealed to our Supreme Court, which held that it, not our Superior Court, had jurisdiction to entertain the prohibition action. In so holding, the court noted that, under section 741 of the Judicial Code, the Superior Court only had jurisdiction "in cases of mandamus and prohibition to courts of inferior jurisdiction where such relief is ancillary to matters within its appellate jurisdiction." 42 Pa.C.S. §741. Because no appeal was pending before the Superior Court, the court held that the Superior Court lacked jurisdiction to entertain the prohibition action.

In *Leiber*, William Leiber, an elected constable, had filed a complaint in mandamus with the common pleas court seeking payment of fees and naming a district justice as a defendant.[2] The district justice filed preliminary objections alleging, in part, that the common pleas court lacked subject matter jurisdiction. The common pleas court concluded that it lacked original jurisdiction of the dispute as a result of the district justice being named as a defendant and transferred the matter to this Court.

We first noted our Supreme Court's original jurisdiction of mandamus actions to courts of inferior jurisdiction under section 721 of the Judicial Code. Next, we noted that while section 761(a)(1) of the Judicial Code, 42 Pa.C.S. §761(a)(1), grants this Court original jurisdiction over actions brought against officers of the Commonwealth, such as a district justice, section 761(c) states that our original

_____

[2] Magisterial district judges were formerly known as district justices.

jurisdiction in cases of mandamus only applies where the relief sought is "ancillary to matters within [our] appellate jurisdiction." 42 Pa.C.S. §761(c). Because Leiber had requested the issuance of a writ of mandamus to an inferior tribunal and no appeal was pending before this Court, we held that our Supreme Court had "exclusive jurisdiction" over Leiber's mandamus complaint. *Leiber*, 654 A.2d at 14. Consistent with section 5103(a) of the Judicial Code, 42 Pa.C.S. §5103(a), we transferred the matter to that court. Section 5103(a) provides, in pertinent part, as follows:

> A matter which is within the exclusive jurisdiction of a court . . . of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court . . . of this Commonwealth where it shall be treated as if originally filed in the transferee court . . . on the date when first filed in the other tribunal.

*Id.*

Therefore, we cannot construe section 931(a) as implicitly, or through mere silence, vesting the trial court with original jurisdiction over actions involving a writ of mandamus, especially when original jurisdiction of such actions has long been vested in our Supreme Court, and concurrently, in limited situations, with this Court and our Superior Court.

## Conclusion

Because the Commonwealth requested the issuance of a writ of mandamus against Judge Duncan, i.e., a court of inferior jurisdiction, jurisdiction of this action properly rests with our Supreme Court. Hence, the trial court erred in granting the Commonwealth's mandamus petition.

11

Accordingly, the order of the trial court is vacated and we must transfer this matter to the Supreme Court. *See* 42 Pa.C.S. §5103(a); *Leiber*, 654 A.2d at 15.[3]

_____
PATRICIA A. McCULLOUGH, Judge

Judge Brobson did not participate in this decision.

_____

[3] In light of our disposition above, we need not reach Judge Duncan's remaining arguments as to the propriety of the trial court's grant of mandamus relief herein.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania : 
Ex Rel. Craig W. Stedman, : 
District Attorney, Lancaster County : 
                                               :    No.  1542 C.D. 2015
               v. : 
                                                 : 
Jayne F. Duncan, Magisterial : 
District Judge, : 
                  Appellant : 

## *ORDER*

AND NOW, this 9th day of September, 2016, the order of the Court of Common Pleas of Lancaster County (trial court), dated August 17, 2015, is hereby vacated.  It is hereby ordered that the above-captioned matter be transferred to our Supreme Court.

        Jurisdiction relinquished.

 

_____
PATRICIA A. McCULLOUGH, Judge