**William N. LEIBER, an individual, Petitioner,**

v.

**COUNTY OF ALLEGHENY; Frank J. Lucchino, County Controller; Carol B. Coyne, Clerk of Courts; Bernard Regan, Manager of Constable Services; and District Justice Alberta Thompson, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Feb. 28, 1994.
Decided Dec. 22, 1994.

Thomas H. Ayoob, III, for petitioner.

Byron D. Xides, Asst. County Sol., for respondent County of Allegheny.

Howard M. Holmes, for respondent Dist. Justice Alberta Thompson.

Before COLINS, KELLEY, JJ., and LORD, Senior Judge.

KELLEY, Judge.

On August 3, 1993, William N. Leiber (Leiber), an elected constable, filed in the Court of Common Pleas of Allegheny County (trial court) a complaint in mandamus against the County of Allegheny (Allegheny County); Allegheny County Controller, Frank J. Lucchino (Lucchino); Allegheny County Clerk of Courts, Carol B. Coyne (Coyne); Manager of Constable Services, Bernard Regan (Regan); and District Justice Alberta Thompson (District Justice Thompson). Leiber later submitted to the trial court a motion for peremptory judgment.

In the complaint in mandamus, Leiber alleged that Allegheny County began refusing to make fee payments to him as the result of a policy implemented by Regan in Allegheny County on November 10, 1992. That county policy provides:

> Police officers have no authority to give constables warrants to serve. Constables will only be paid for services directly requested by the District Justice.

(Original Record, plaintiff's exhibit A.)

It is undisputed that the constable services for which Leiber alleged he had not been paid were performed by him at the request of the Wilkinsburg Police Department (police). Leiber alleged that he is statutorily entitled pursuant to what is commonly referred to as the Constables Fees, Training and Certification Act (Act 102)[1] to payment for those constable services rendered.[2]

On September 2, 1993, Allegheny County, Lucchino, Coyne and Regan, known collectively as the county defendants, filed an answer and new matter to the complaint in mandamus. On September 10, 1993, the county defendants filed an answer to Leiber's motion for peremptory judgment.

On September 13, 1993, District Justice Thompson filed preliminary objections to Leiber's complaint in mandamus alleging (1) the trial court's lack of subject matter juris-

---

1. Act of July 9, 1992, P.L. 689 *as amended,* formerly 13 P.S. §§ 61–61.9, repealed by the Act of June 15, 1994, P.L. ——, Act 1994–44. A similar act is not found in 42 Pa.C.S. §§ 2941–2950 governing officers serving process and enforcing orders.

2. When Leiber filed this action, Act 102 was in effect. We will, in accordance with The Statutory Construction Act of 1972, consider this action in terms of Act 102. 1 Pa.C.S. §§ 1501–1991.

   Specifically, section 1976(a) of this act provides:

   > The repeal of any civil provisions of a statute shall not affect or impair any act done, or right existing or accrued, or affect any civil action pending to enforce any right under the authority of the statute repealed. Such action may be proceeded with and concluded under the statutes in existence when such action was instituted, notwithstanding the repeal of such statutes, or such action may be proceeded with and conclude under the provisions of the new statute, if any, enacted.

   *See Redevelopment Authority, City of Philadelphia v. Lieberman,* 461 Pa. 208, 336 A.2d 249 (1975).

diction; (2) the legal insufficiency of the pleadings (demurrer); and (3) the nonjoinder of the Commissioners of Allegheny County as a party necessary to this action. District Justice Thompson did not file an answer to the motion for peremptory judgment.

On September 23, 1993, the parties presented before the trial court oral arguments regarding the motion for peremptory judgment. The trial court found that it lacked original jurisdiction over the dispute due to the joinder of District Justice Thompson as a defendant and by order dated September 24, 1993, transferred the matter to this court.

Accordingly, before this court are District Justice Thompson's preliminary objections to the complaint in mandamus and Leiber's motion for peremptory judgment.

The threshold issue is whether this court has original jurisdiction to issue a writ of mandamus against a district justice pursuant to the terms of the Judicial Code (statute).

Section 721 of the statute vests the Supreme Court with jurisdiction over certain mandamus actions and provides:

> The Supreme Court shall have original but not exclusive jurisdiction of all cases of:
>
> (1) Habeas corpus.
>
> (2) Mandamus or prohibition to courts of inferior jurisdiction.
>
> (3) Quo warranto as to any officer of Statewide jurisdiction.

42 Pa.C.S. § 721.

Section 761 of the statute sets forth this court's statutory jurisdiction and provides:

> (a) **General Rule.**—The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:
>
> (i) actions or proceedings in the nature of applications for a writ of habeas corpus or postconviction relief not ancillary to proceedings within the appellate jurisdiction of the court;
>
> (ii) eminent domain proceedings;
>
> (iii) actions or proceedings conducted pursuant to Chapter 85 (relating to matters affecting government units);
>
> (iv) actions or proceedings conducted pursuant to the act of May 20, 1937 (P.L. 728, No. 193), referred to as the Board of Claims Act; and
>
> (v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.
>
> (2) By the Commonwealth government, including any officer thereof, acting in his official capacity, except eminent domain proceedings.
>
> (3) Arising under Article V of the act of May 17, 1921 (P.L. 789, No. 285), known as "The Insurance Department Act of 1921."
>
> (4) Original jurisdiction of which is vested in the Commonwealth Court by any statute hereafter enacted.
>
> (b) **Concurrent and exclusive jurisdiction.**—The jurisdiction of the Commonwealth Court under subsection (a) shall be exclusive except as provided in section 721 (relating to original jurisdiction) and except with respect to actions or proceedings by the Commonwealth government, including any officer thereof, acting in his official capacity, where the jurisdiction of the court shall be concurrent with the several courts of common pleas.
>
> (c) **Ancillary matters.**—The Commonwealth Court shall have original jurisdiction in cases of mandamus and prohibition to courts of inferior jurisdiction and other government units where such relief is ancillary to matters within its appellate jurisdiction, and it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus under like conditions returnable to the said court. To the extent prescribed by general rule the Commonwealth Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or other matter

otherwise within its exclusive original jurisdiction.

42 Pa.C.S. § 761.

Pursuant to section 102 of the statute, the Commonwealth government is composed of "officers . . . of the unified judicial system." 42 Pa.C.S. § 102. Thompson, as a district justice, is classified under section 102 as a "judicial officer" serving in the minor judiciary and in her capacity as a justice of the peace "hold[s] office under section 7(a) of Article V of the Constitution of Pennsylvania. . . ." Pa. Const. art. V, § 7(a).

Under Article V of the Constitution, a district justice is defined as an "[o]fficer of the Unified Judicial System, under the general superintendence of the Supreme Court of Pennsylvania." Pa. Const. art. V, §§ 1, 7, 10(a).

■ Since district justices are Commonwealth officers serving in the minor judiciary in the unified judicial system, the plain language of section 761(a)(1) vests this court with original jurisdiction over District Justice Thompson as a Commonwealth officer when acting in her official capacity. District Justice Thompson alleges before this court that pursuant to section 721 of the statute, our Supreme Court possesses exclusive jurisdiction to issue a writ of mandamus against her as a member of an inferior tribunal. District Justice Thompson cites the Supreme Court's decision in *Municipal Publications v. Court of Common Pleas of Philadelphia County*, 507 Pa. 194, 489 A.2d 1286 (1985) as supportive of her position.

In *Municipal Publications*, the Supreme Court specifically addressed the question of whether the Superior Court had jurisdiction to issue a writ of prohibition to the common pleas court of Philadelphia when no appeal was pending in the Superior Court. The Supreme Court examined the statute's language regarding the Superior Court's original jurisdiction. Section 741 of the statute provides:

The Superior Court shall have no original jurisdiction, except in cases of manda-

mus and prohibition to courts of inferior jurisdiction where such relief is ancillary to matters within its appellate jurisdiction, and except that it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus under like conditions returnable to the said court.

42 Pa.C.S. § 741.

The Supreme Court stressed that the language in section 741 vested the Superior Court with jurisdiction to issue a writ of mandamus or prohibition only when a matter is within the Superior Court's appellate jurisdiction. Since there was no appeal pending in the Superior Court at the time the writ of prohibition was requested, the Supreme Court held that the Superior Court had no original jurisdiction to issue the writ of prohibition. Accordingly, the Supreme Court held that it had exclusive jurisdiction to issue the writ of prohibition in that matter pursuant to section 721 of the statute.

■ It is clear that magistrate's courts are of a subordinate nature having the attributes of legally constituted courts of justice with each district justice having statewide jurisdiction. *See* Pa. Const. art. V, § 1; 42 Pa. C.S. § 102; *Collins v. Gessler*, 452 Pa. 471, 307 A.2d 892 (1973); *McNair's Petition*, 324 Pa. 48, 187 A. 498 (1936). Since sections 741 and 761(c) of the statute set forth identical language which permits the Superior Court and this court to only issue writs of mandamus and prohibition "to courts of inferior jurisdiction . . . where such relief is ancillary to matters within its appellate jurisdiction . . . ," our Supreme Court's decision in *Municipal Publications* is controlling.

■ As Leiber has requested that this court issue a writ of mandamus to an inferior tribunal, the Supreme Court has exclusive jurisdiction over this matter because there is no appeal pending before this court. Accordingly, we must transfer this matter to the Supreme Court pursuant to 42 Pa.C.S. § 5103(a).[3]

---

**3.** Section 5103(a) provides:

   **(a) General Rule**—If an appeal or other matter is taken to or brought in a court or

magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or district justice

*ORDER*

NOW, this 22nd day of December, 1994, it is hereby ordered that the above-captioned matter be transferred to the Supreme Court pursuant to 42 Pa.C.S. § 5103.

shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or district justice of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.