**David KNELLER, Petitioner**

v.

**Marsha C. STEWART, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 12, 2015.
Decided March 30, 2015.

Brian C. Caffrey, Harrisburg, for petitioner.

Geri Romanello St. Joseph, Philadelphia, for respondent.

BEFORE: DAN PELLEGRINI, President Judge, and ANNE E. COVEY, Judge, and JAMES GARDNER COLINS, Senior Judge.

OPINION BY Senior Judge JAMES GARDNER COLINS.

This case is a mandamus action in this Court's original jurisdiction brought by a constable (Constable) against a Magisterial District Court Judge (MDC Judge). Before the Court are the MDC Judge's preliminary objections. For the reasons set forth below, we sustain the MDC Judge's preliminary objection to subject matter jurisdiction and order that the action be transferred to the Pennsylvania Supreme Court.

On December 11, 2014, Constable filed the instant petition for review seeking a judgment in mandamus ordering the MDC Judge to pay Constable $9,477.50 in fees for serving warrants issued by the MDC Judge's court, plus interest and costs, and requiring the MDC Judge to pay him such fees in the future upon submission of proof of rendering those services. (Petition for Review at 4 & ¶¶ 3–10.) Constable asserts that the MDC Judge has a mandatory, ministerial duty to pay his fees under 44 Pa.C.S. § 7161(e), which provides:

> (e) Payment.—*All* civil, landlord-tenant and criminal *fees shall be paid by the court to the constable* as soon as possible and in no case not more than 15 days in civil and landlord-tenant cases and 30 days in criminal cases after the service is performed and a proper request for payment is submitted, provided that, in criminal cases where the books and accounts of the relevant county offices are payable on a monthly basis, payment

shall be made not more than 15 days after the close of the month.

44 Pa.C.S. § 7161(e) (emphasis added). (*See* Petition for Review ¶¶ 8, 10.) Mandamus is the only relief sought by the Petition for Review.

▮ The MDC Judge has filed three preliminary objections to the petition for review: (1) a motion to dismiss for lack of subject matter jurisdiction, (2) a demurrer, and (3) a motion to dismiss for failure to join indispensable or necessary parties, alleging that the Dauphin County Commissioners and Controller must be joined because the County is responsible for payment of the Magisterial District Court's expenses.[1] Constable does not dispute that this Court lacks subject matter jurisdiction over this action, but submits that the case should be transferred to the Supreme Court, rather than dismissed. Because we conclude that this Court lacks subject matter jurisdiction, we do not address the MDC Judge's second and third preliminary objections.

▮ This Court has original jurisdiction under 42 Pa.C.S. § 761(a)(1) over actions against the MDC Judge, as she is a Commonwealth officer. *Leiber v. County of Allegheny*, 654 A.2d 11, 14 (Pa.Cmwlth. 1994); 42 Pa.C.S. §§ 102, 301(9). This Court, however, does not have jurisdiction to issue mandamus to courts of inferior jurisdiction, including magisterial district judges, except where the mandamus is ancillary to a pending appeal. *Guarrasi v.*

*Scott*, 25 A.3d 394, 407 (Pa.Cmwlth.2011); *Leiber*, 654 A.2d at 14; *see also Municipal Publications v. Court of Common Pleas of Philadelphia County*, 507 Pa. 194, 489 A.2d 1286, 1287–88 (1985) (Superior Court lacks jurisdiction to issue mandamus or prohibition to lower court unless ancillary to a pending appeal). Exclusive jurisdiction over non-ancillary mandamus to courts of inferior jurisdiction lies in the Pennsylvania Supreme Court. *Leiber*, 654 A.2d at 14; *see also Guarrasi*, 25 A.3d at 407.

*Leiber*, as here, involved an action brought by a constable seeking mandamus against a district justice[2] concerning payment of his fees. 654 A.2d at 12. This Court held that it lacked jurisdiction over the case because it does not have jurisdiction to issue mandamus to a court of inferior jurisdiction absent a pending appeal and concluded that exclusive jurisdiction over such a mandamus action lay in the Supreme Court. *Id.* at 14. This case is indistinguishable from *Leiber*.

▮ The remedy for this lack of jurisdiction, however, is transfer to the Supreme Court, not dismissal. 42 Pa.C.S. § 5103(a), (d); *Leiber*, 654 A.2d at 14–15 & n. 3. Section 5103 of the Judicial Code provides:

> *If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the* appeal *or other matter, the court* or magisterial

---

1. The standards that this Court applies in addressing preliminary objections are well established. In ruling on preliminary objections, the Court must accept as true all well-pleaded averments of fact as well and all inferences reasonably deducible therefrom. *Seeton v. Pennsylvania Game Commission*, 594 Pa. 563, 937 A.2d 1028, 1032 n. 4 (2007); *Saxberg v. Pennsylvania Department of Corrections*, 42 A.3d 1210, 1211 (Pa.Cmwlth.2012); *McCord v. Pennsylvania Gaming Control*

*Board*, 9 A.3d 1216, 1218 n. 3 (Pa.Cmwlth. 2010) (*en banc*). Preliminary objections that would result in dismissal should be sustained only in cases that are clear and free from doubt. *Saxberg*, 42 A.3d at 1211–12; *McCord*, 9 A.3d at 1218 n. 3.

2. The office of district justice was re-designated as magisterial district judge by the Act of November 30, 2004, P.L. 1618, No. 207.

district judge shall not quash such appeal or dismiss the matter, but *shall transfer the record thereof to the proper tribunal of this Commonwealth,* where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. *A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth* where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal. 42 Pa.C.S. § 5103(a) (emphasis added). Thus, in *Leiber,* this Court did not dismiss the action and ordered the action transferred to the Supreme Court. 654 A.2d at 14–15.

Accordingly, we sustain the preliminary objection to subject matter jurisdiction and order that the action be transferred to the Supreme Court.

## ORDER

AND NOW, this 30th day of March, 2015, it is hereby ORDERED that Respondent's preliminary objection to subject matter jurisdiction is sustained, and that the above-captioned matter be transferred to the Pennsylvania Supreme Court pursuant to 42 Pa.C.S. § 5103(a). The Chief Clerk shall certify a photocopy of the docket entries of the above matter and the record to the Prothonotary of the Pennsylvania Supreme Court.