# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Begandy, :
                      Petitioner :
                       :
                v. : No. 443 M.D. 2018
                       : Submitted: December 28, 2018
Clerk of Courts of Allegheny County; :
and Carol A. Eddins, Court Administration, :
Criminal Division, Allegheny County Court :
of Common Pleas, :
                Respondents :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**              **FILED: March 29, 2019**


      Justin Begandy (Begandy), pro se, filed a Petition for Review in Mandamus (Mandamus Petition) in our original jurisdiction against the Clerk of Courts of Allegheny County (Clerk of Courts) and Carol A. Eddins, Court Administration, Criminal Division, Allegheny County Court of Common Pleas (Eddins). Before us is a preliminary objection (PO) filed by Eddins challenging whether this Court has subject matter jurisdiction over Begandy's claim. Finding we do not, we sustain the PO and transfer this matter to the Pennsylvania Supreme Court.

In June 2018, Begandy filed the Mandamus Petition alleging that there was an error in his case record, which he sought to have corrected pursuant to Section 11.0 of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania (Case Records Policy), 204 Pa. Code § 213.81. Pursuant to the Case Records Policy, he submitted a request for correction of a clerical error on the form prescribed by the Administrative Office of Pennsylvania Courts (AOPC). Appended to his Mandamus Petition was a copy of the request, wherein Begandy contended the Web Docket Sheet listed Kidnapping for Ransom as a charge to which he ultimately pleaded nolo contendere. Begandy claimed he was never charged with kidnapping for ransom and therefore never entered a plea or was sentenced for it, although the docket shows otherwise. (Mandamus Petition, Ex. A.)

In response to the request, Eddins wrote Begandy on March 6, 2018, stating that the electronic case record was corrected to reflect that the charge should have been Criminal Attempt – Kidnapping for Ransom. The letter further stated that the sentence of confinement to a term of 78 months to 20 years remained unchanged. (Mandamus Petition, Ex. C.)

Upon receipt of the letter,[1] Begandy again wrote Eddins, asserting that the electronic record still contained errors. Once again, he asserted that he was never charged with or pleaded guilty to to Kidnapping for Ransom. He asked that his request be forwarded to the Honorable Jill E. Rangos (trial judge), who, according to the electronic docket, presided, at least in part, over his criminal case. (Mandamus Petition, Ex. E.)

---

[1] Begandy averred in the Mandamus Petition that he did not receive the letter until April 6, 2018, because the envelope did not contain his inmate number. As a result, he alleged the letter was returned to sender. In support of the allegation, Begandy appended copies of the envelopes showing one was stamped refused for missing an inmate number and returned to sender as undeliverable as addressed. (Mandamus Petition, Exs. D.1 and D.2.)

2

Eddins responded via letter dated May 14, 2018. In the letter, Eddins reiterated that the appropriate corrections had already been made. She explained that "when an individual is charged with 'Criminal Attempt,' the crime attempted must be set forth," and here, Kidnapping for Ransom was the attempted crime. Thus, Eddins wrote that no additional corrections were necessary. (Mandamus Petition, Ex. F.)

In his Mandamus Petition, Begandy alleges that the Clerk of Courts is the custodian of the record and, as such, is responsible for maintaining case records and correcting the docket, not Eddins. He requests an order directing the Clerk of Courts to comply with the rules of procedure, or alternatively, asks for a remand to the trial court to hold an evidentiary hearing as to the verity of the record.[2]

Eddins filed a PO alleging this Court lacked subject matter jurisdiction over the Mandamus Petition. In her brief in support of the PO, Eddins asserts that under the Pennsylvania Constitution, the Judicial Code,[3] and controlling precedent, the Pennsylvania "Supreme Court is vested with the Commonwealth's supreme judicial power and exercises general supervisory and administrative authority over all the courts and justices of the peace." (Brief at 3.) Eddins recognizes that although the Pennsylvania Supreme Court's jurisdiction is not exclusive, this Court only has jurisdiction to issue a mandamus against a court of inferior jurisdiction if there is an appeal from a lower court pending. Because there is no such appeal pending, she

---

[2] Begandy also alleged that the Clerk of Courts failed to serve him with copies of all notices and orders, which deprived him of his due process rights because his ability to appeal was foreclosed. As a result, he requests the Court order the Clerk of Courts to provide him with such orders. The Clerk of Courts has yet to respond to the Mandamus Petition.

[3] 42 Pa. C.S. §§ 101-9913.

3

asserts this Court is without jurisdiction. Accordingly, Eddins asks this Court to sustain the PO and dismiss the Mandamus Petition with prejudice.

Begandy filed a response to the PO[4] wherein he disputes that Eddins is a court or judicial officer over which this Court only has jurisdiction if there is a pending appeal. Instead, Begandy alleges Eddins is an officer of the Commonwealth government, over which this Court has original jurisdiction. Alternatively, Begandy argues that if this Court lacks jurisdiction, the matter should be transferred to the Pennsylvania Supreme Court, not dismissed.

Section 721 of the Judicial Code provides that the Pennsylvania Supreme Court has "original but not exclusive jurisdiction of all cases of . . . [m]andamus or prohibition to courts of inferior jurisdiction." 42 Pa. C.S. § 721. The Judicial Code further provides that "[t]he Commonwealth Court shall have original jurisdiction in cases of mandamus and prohibition to courts of inferior jurisdiction and other government units where such relief is ancillary to matters within its appellate jurisdiction. . . ." Section 761(c) of the Judicial Code, 42 Pa. C.S. § 761(c). In *Municipal Publications, Inc. v. Court of Common Pleas of Philadelphia County*, the Pennsylvania Supreme Court, when interpreting a similarly worded provision of the Judicial Code governing the Superior Court's original jurisdiction over mandamus actions involving a court of common pleas,[5] held that the Superior Court only had "jurisdiction to issue a writ of mandamus . . . where an appeal properly within its appellate jurisdiction is pending before that court and where the issuance of such a writ is necessary to protect that court's appellate jurisdiction." 489 A.2d 1286, 1288

---

[4] Begandy did not file a brief in opposition to the PO.

[5] Section 741 of the Judicial Code provides "[t]he Superior Court shall have no original jurisdiction, except in cases of mandamus and prohibition to courts of inferior jurisdiction where such relief is ancillary to matters within its appellate jurisdiction . . . ." 42 Pa. C.S. § 741.

4

(Pa. 1985) (emphasis omitted). Because no appeal was pending, "there was no predicate for the Superior Court's exercise of jurisdiction." *Id.*

Section 761(c) of the Judicial Code has been interpreted as limiting this Court's original jurisdiction in mandamus actions. For instance, in *Leiber v. County of Allegheny*, 654 A.2d 11, 14 (Pa. Cmwlth. 1994), we held that we did not have original jurisdiction over a mandamus action against a district justice[6] when no appeal was pending. We reached a similar conclusion in *Kneller v. Stewart*, 112 A.3d 1269, 1271-72 (Pa. Cmwlth. 2015), involving a mandamus action against a magisterial district judge.

Begandy argues, however, that the above principles are not applicable here because his action is not against a court or judicial officer but is against Eddins as a member of court administration. In support, he cites our decision in *Department of Health v. Hanes*, 78 A.3d 676, 684-85 (Pa. Cmwlth. 2013), where we considered whether a clerk of the orphans' court and register of wills was a judicial officer performing a judicial act that would make him a court of inferior jurisdiction subject to the Pennsylvania Supreme Court's jurisdiction. We held a clerk of the orphans' court and register of wills was not a court or judicial officer but was considered "county staff," which is defined as "[s]ystem and related personnel elected by the electorate of a county." *Id.* at 685 (quoting Section 102 of the Judicial Code, 42 Pa. C.S. § 102). Thus, we determined we had jurisdiction over the mandamus action.

While Begandy paints the issue as turning on the capacity in which Eddins served, we need not decide whether Eddins is considered part of a court or a judicial officer to determine if we have jurisdiction. Because the crux of Begandy's claim is whether the proper procedure was followed for correcting what he alleges is an error

---

[6] District justices were redesignated as magisterial district judges by the Act of November 30, 2004, P.L. 1618, No. 207.

5

to his case record, and under the Supreme Court's public access policies concerning correction of errors, it is the judge who presided over the case who ultimately is to review the request, this matter clearly involves a "court of inferior jurisdiction" over which we would only have jurisdiction in mandamus actions "where such relief is ancillary to matters within [our] appellate jurisdiction . . . ." 42 Pa. C.S. § 761(c).

Here, Begandy sought to correct his record utilizing the procedure set forth in Section 11.0 of the Case Records Policy. Because he sought correction of a Web Docket Sheet, he could have equally made his request under Section 6.00 of the Electronic Case Record Public Access Policy of the Unified Judicial System of Pennsylvania (Electronic Case Record Policy), 204 Pa. Code § 213.78.[7] The Case Records Policy provides that a party may seek to correct a clerical error in the case record,[8] whereas the Electronic Case Record Policy provides a party may seek to

---

[7] We would be remiss not to explain that the policies **do not** provide a mechanism in which a party dissatisfied with a court's decision can challenge it as being in error in the case record or electronic case record. It merely "permits a party to 'fix' information that appears in an electronic case record [or case record,] which does not, for one reason or another, correctly set forth the facts contained in the official court record (paper case file)." Explanatory Report to the Electronic Case Record Policy at 53-54, available at http://www.pacourts.us/assets/files/page-1090/file-6980.pdf (last visited March 25, 2019).

[8] "Case Records" are defined as:

> (1) documents for any case filed with, accepted and maintained by a court or custodian; (2) dockets, indices, and documents (such as orders, opinions, judgments, decrees) for any case created and maintained by a court or custodian. This term does not include notes, memoranda, correspondence, drafts, worksheets, and work product of judges and court personnel. Unless otherwise provided in this policy, this definition applies equally to case records maintained in paper and electronic formats.

Section 1.0.B of the Case Records Policy, 204 Pa. Code § 213.81.

correct a data error in an electronic case record.[9]  Both policies are substantially the same in terms of procedure.  Under either policy, a written request is made using a form designed and published by the AOPC.[10]  A request under the Case Records Policy is made to the custodian of the records, which is explained in the Commentary as "includ[ing], but . . . not limited to, the county prothonotaries, clerk of orphans' court, clerks of the court, and magisterial district judges."  Commentary, Section 11.0 of the Case Records Policy.  The Electronic Case Record Policy requires the request to be submitted to the clerk of courts.  Both policies then provide the reviewer with 10 business days to respond.[11]  Each policy also provides that if the requestor is dissatisfied with the response, the requestor, within 10 days, may seek review by the judge who presided over the case.

Here, Begandy submitted his request using the AOPC form.  Eddins responded to the request.  Begandy then requested that the trial judge who presided

---

[9] "Electronic Case Record" is defined, in relevant part, as "information or data created, collected, received, produced or maintained by a court or office in connection with a particular case that exists in the [Pennsylvania Appellate Court Case Management System, Common Pleas Criminal Court Case Management System, or Magisterial District Judge Automated System] and that appears on web docket sheets or is provided in response to bulk distribution requests, regardless of format."  Section 1.00.C of the Electronic Case Record Policy, 204 Pa. Code § 213.71(c).

[10] Although there are different forms to use depending upon which policy a party is proceeding under, like the policies, the forms are substantially similar.  The forms are available at http://www.pacourts.us/assets/files/page-1089/file-6362.pdf (Request for Correction of Clerical Errors under Case Records Policy) and http://www.pacourts.us/assets/files/page-1089/file-267.pdf (Request for Correction of an Electronic Case Record under Electronic Case Records Policy) (last visited March 25, 2019), respectively.

[11] Both policies provide five ways a reviewer may respond to a request:  (1) there is insufficient information and facts to determine if there is an error, such that no further action is taken; (2) the request does not concern a record covered by the policy, such that no further action is taken; (3) an error does exist and has been corrected; (4) no error exists; and (5) an additional 30 business days is needed to finish the review. *See* Section 6.00.C.5 of the Electronic Case Record Policy, 204 Pa. Code § 213.78(c); Section 11.0.E of the Case Record Policy, 204 Pa. Code § 213.81.

7

over the case review his request for correction. The trial judge was copied on Eddins' second response to Begandy, but from the record, it is not clear if she reviewed his request. Thus, while Begandy focuses on the acts or omissions of Eddins, the case really involves a question of whether the policies were followed, including whether the trial judge reviewed his request. Therefore, it is a challenge involving a "court of inferior jurisdiction" and under the Judicial Code, we only have original jurisdiction over mandamus actions involving "courts of inferior jurisdiction . . . where such relief is ancillary to matters within its appellate jurisdiction . . . ." 42 Pa. C.S. § 761(c). There is no such pending appeal here.

Accordingly, we agree with Eddins that we do not have jurisdiction and sustain her PO. However, we will not dismiss Begandy's Mandamus Petition with prejudice, as Eddins requests. Instead, pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C.S. § 5103(a), we will transfer this matter to the Supreme Court, which has general supervisory authority over the courts. Section 5103(a) provides:

> **(a) General rule.--**If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge **shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth,** where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa. C.S. § 5103(a) (emphasis added).

8

For the above reasons, we sustain Eddins' PO that this Court lacks original jurisdiction over Begandy's Mandamus Petition and transfer the matter to the Pennsylvania Supreme Court.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Begandy,                                          :
                         Petitioner          :
                                                         :
                   v.                                      :      No. 443 M.D. 2018
                                                            :

Clerk of Courts of Allegheny County;                     :
and Carol A. Eddins, Court Administration,  :
Criminal Division, Allegheny County Court :
of Common Pleas,                                         :
                            Respondents         :

## O R D E R

NOW, March 29, 2019, the preliminary objection filed by Carol A. Eddins, Court Administration, Criminal Division, Allegheny County Court of Common Pleas challenging this Court's jurisdiction is **SUSTAINED.**  The matter shall be transferred to the Pennsylvania Supreme Court pursuant to 42 Pa. C.S. § 5103(a). The Chief Clerk shall certify a copy of the docket entries with the transfer.

                                                                       _____

                                                                 **RENÉE COHN JUBELIRER,** Judge