IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Todd Ballard,
               Petitioner          :

          :

          v.                   :

          :

Brian Spencer; James Glass, et al.,    :     No. 240 M.D. 2024
              Respondents    :     Submitted: August 8, 2025

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: October 17, 2025

Before this Court are Clearfield County (County) Common Pleas Court (Common Pleas Court) Prothonotary Brian Spencer's (Prothonotary Spencer) and the County Magisterial District Judge (MDJ) James Glass's (MDJ Glass) (collectively, Respondents) Preliminary Objections (Preliminary Objections) to Todd Ballard's (Ballard) pro se Petition for Writ of Mandamus (Petition). After review, this Court sustains Prothonotary Spencer's Preliminary Objection and dismisses the Petition as to Prothonotary Spencer, and sustains MDJ Glass's Preliminary Objection to this Court's jurisdiction, and transfers this matter to the Pennsylvania Supreme Court.

**Background**

Ballard is currently an inmate at the State Correctional Institution (SCI) at Mercer.[1]  On March 5, 2024, Ballard mailed to the Common Pleas Court's

---

[1] https://inmatelocator.cor.pa.gov/#/Result (last visited Oct. 16, 2025).

Prothonotary's office a civil complaint, a private criminal complaint, and a petition for a temporary restraining order with supporting grievance documents (TRO petition) against Department of Corrections (DOC) SCI-Houtzdale Corrections Officer Daniel Smith (C.O. Smith), and asked that they be filed and presented to a Common Pleas Court judge. *See* Petition ¶ 4; *see also* Petition Exs. 1-3. By March 26, 2024 letter, Common Pleas Court Administrator F. Cortez Bell, III, Esquire (Bell), informed Ballard that the Common Pleas Court lacked jurisdiction to litigate or issue an injunction against DOC, and that this Court has such jurisdiction. *See* Petition ¶ 5; *see also* Petition Ex. 4. Bell further notified Ballard that his private criminal complaint must be filed with the MDJ who has jurisdiction over the intentional acts he alleged C.O. Smith committed against him. *See id*. Bell explained that the MDJ may forward the private criminal complaint to the County district attorney (DA) for further action, and that the Common Pleas Court was not required to process it for him. *See* Petition Ex. 4.

On April 4, 2024, Ballard filed his civil complaint in MDJ Glass's office, filed his private criminal complaint in the DA's office, and filed his TRO petition in Prothonotary Spencer's office. *See* Petition ¶ 6; *see also* Petition Ex. 5. By letter dated April 11, 2024, MDJ Glass denied Ballard's civil complaint on the basis that Ballard therein alleged crimes that should be addressed by private criminal complaint rather than a civil complaint. *See* Petition ¶ 7; *see also* Petition Ex. 6. MDJ Glass instructed Ballard to submit a private criminal complaint to the DA's office. *See id*. Ballard did not receive responses from Prothonotary Spencer or the DA. *See* Petition ¶ 8.

On April 26, 2024, Ballard filed the Petition in this Court's original jurisdiction seeking a writ of mandamus compelling Prothonotary Spencer and MDJ Glass to carry out their affirmative duties - Prothonotary Spencer to accept the TRO

2

petition for filing in the Common Pleas Court and MDJ Glass to accept the civil complaint - and for both to schedule hearings and adjudicate his claims.[2]

By order entered on July 9, 2024, the Common Pleas Court acknowledged that it had received Ballard's April 4, 2024 TRO petition, and ruled:[3]

[2] That same day, Ballard filed in this Court a Motion for Appointment of Counsel and an Application for Leave to Proceed In Forma Pauperis (IFP Application). By May 23, 2024 Order, this Court denied Ballard's Motion for Appointment of Counsel and his IFP Application.

By May 23, 2024 letter from Common Pleas Court President Judge Fredric J. Ammerman (P.J. Ammerman) to this Court's Prothonotary, P.J. Ammerman confirmed the background Ballard presented in the Petition and further explained that Prothonotary Spencer had provided Ballard's TRO petition and supporting documents to the Common Pleas Court and they were "being reviewed by the [Common Pleas] Court pursuant to the provisions of [Pennsylvania] Rule of Civil Procedure [(Rule)] 240(j)[,]" Pa.R.Civ.P. 240(j)(1) (a court may dismiss an action filed with an IFP petition if satisfied that the action is frivolous, i.e., lacks arguable basis in law or fact). P.J. Ammerman Letter at 2. P.J. Ammerman declared that the Common Pleas Court, not MDJ Glass, had jurisdiction over Ballard's civil complaint, and the Common Pleas Court lacked jurisdiction to grant the TRO petition against DOC or its employees. *See id.* He asserted that because, in his opinion, both Prothonotary Spencer and MDJ Glass acted appropriately, this Court should dismiss the Petition. *See id.* at 2-3.

On June 6, 2024, Ballard responded to P.J. Ammerman's letter, claiming that the Common Pleas Court had jurisdiction over his TRO petition, and MDJ Glass had jurisdiction over his civil complaint. On June 26, 2024, Ballard filed what he titled an Addendum to Petition for Writ of Mandamus, wherein he declared that the DA finally, after two months, disapproved his private criminal complaint against C.O. Smith.

By letter sent on July 22, 2024, Ballard submitted additional documents to this Court and inquired regarding the status of a TRO petition he purportedly filed in this Court, but which was not docketed. One of the documents attached to Ballard's letter was a copy of an order P.J. Ammerman entered in the Common Pleas Court on July 9, 2024, dismissing Ballard's complaint against C.O. Smith as frivolous pursuant to Rule 240(j)(1). *See* Ballard 7/22/2024 Letter, Ex. D at 3.

By July 31, 2024 letter, Ballard informed this Court's Prothonotary that he had been returned to SCI-Houtzdale, where C.O. Smith and his colleagues work, and stated that he was seeking injunctive relief to avoid more unlawful acts against him and was awaiting this Court's adjudication of his filings. By letter mailed August 14, 2025, Ballard informed this Court that he had been temporarily transferred to SCI-Mercer.

[3] Rule 1019(g) provides, in relevant part: "A party may incorporate by reference any matter of record in any [s]tate or [f]ederal court of record whose records are within the county in which the action is pending[.]" Pa.R.Civ.P. 1019(g); *see also* Pennsylvania Rule of Evidence 201(b)(2), Pa.R.E. 201(b)(2). Where, as here, Ballard expressly referenced underlying civil and criminal actions in the Petition, this Court may take judicial notice of the dockets related thereto. *See Page*

3

> [Ballard] has failed to establish a cause of action as the . . .
> Common Pleas [Court] does not have subject matter
> jurisdiction to litigate or issue an injunction against []
> DOC or its employees. Therefore, [Ballard's] civil
> complaint is frivolous and will be DISMISSED, pursuant
> to Pennsylvania Rule[] of Civil Procedure 240(j)(1)[,
> Pa.R.Civ.P. 240(j)(1)].

Ballard's Response to Order, Ex. D at 3. The Common Pleas Court's order dismissed Ballard's complaint against C.O. Smith "with prejudice." *Id*.

On September 13, 2024, MDJ Glass filed Preliminary Objections to the Petition, alleging therein that this Court lacks jurisdiction to issue mandamus relief against an MDJ, and MDJ Glass is entitled to judicial immunity. On September 22, 2024, Prothonotary Spencer filed a Preliminary Objection to the Petition, claiming that Ballard failed to state a cognizable cause of action against him. On October 10, 2024, Ballard filed answers opposing Respondents' Preliminary Objections. This Court ordered the parties to brief their respective positions, which they did. Respondents' Preliminary Objections are now ripe for disposition.

## Discussion

Initially,

> [i]n ruling on preliminary objections, [this Court] must
> "accept as true all well-pleaded material allegations in the
> petition for review," as well as inferences reasonably
> deduced therefrom. *Garrison v. Dep't of Corr.*, 16 A.3d
> 560, 563 n.5 (Pa. Cmwlth. 2011). Th[is] Court need not
> accept as true conclusions of law, "unwarranted inferences
> from facts, argumentative allegations, or expressions of
> opinion." *Id*. To sustain preliminary objections, "it must
> appear with certainty that the law will not permit recovery,

*v. Rogers*, 324 A.3d 661 (Pa. Cmwlth. 2024); *see also Krenzel v. Se. Pa. Transp. Auth.*, 840 A.2d 450, 454 n.6 (Pa. Cmwlth. 2003) ("Judicial notice can be taken of pleadings and judgments in other proceedings where appropriate." (citation omitted)); *Solomon v. U.S. Healthcare Sys. of Pa., Inc.*, 797 A.2d 346, 352 (Pa. Super. 2002) ("[A] court may take judicial notice of public documents in ruling on a preliminary objection in the nature of a demurrer.").

4

and any doubt should be resolved by a refusal to sustain them." *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).

A preliminary objection in the nature of a demurrer admits well-pleaded facts and inferences reasonably deduced therefrom in order to test the legal sufficiency of a petition for review. *Id*. A demurrer can "be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted." *Id*.

*Robinson v. Pa. Parole Bd.*, 306 A.3d 969, 972 n.7 (Pa. Cmwlth. 2023), *aff'd*, 328 A.3d 467 (Pa. 2024). "Thus, th[is C]ourt may determine only whether, on the basis of the [petitioner's] allegations, he or she possesses a cause of action recognized at law." *Fraternal Ord. of Police Lodge No. 5, by McNesby v. City of Phila.*, 267 A.3d 531, 541 (Pa. Cmwlth. 2021). "[D]ocuments attached as exhibits [and] documents referenced in the [petition], as well as facts already of record[,] may also be considered." *Id*. at 542.

Moreover,

[t]he common law writ of mandamus lies to compel the performance of a ministerial act or mandatory duty. *Chesapeake Appalachia, LLC v. Golden*, 35 A.3d 1277 (Pa. Cmwlth. 2012). "The burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right to such relief." *Werner v. Zazyczny*, . . . 681 A.2d 1331, 1335 ([Pa.] 1996). To state a claim for mandamus, a petitioner must establish the following three elements: (1) a clear legal right to relief in the petitioner; (2) a corresponding duty in the respondent; and[] (3) the lack of any other adequate and appropriate remedy. *Wilson v. Pa. Bd. of Prob. & Parole*, 942 A.2d 270, 272 (Pa. Cmwlth. 2008). "Mandamus is not available to establish legal rights but only to enforce rights that have been established." *Smires v. O'Shell*, 126 A.3d 383, 387 (Pa. Cmwlth. 2015) (citations omitted). Further, "[a]s a high prerogative writ, mandamus is rarely issued and never to interfere with a public official's exercise of discretion." *Id*.

*Baron v. Dep't of Hum. Servs.*, 169 A.3d 1268, 1272 (Pa. Cmwlth. 2017), *aff'd*, 194 A.3d 563 (Pa. 2018).

<u>Prothonotary Spencer's Preliminary Objection</u>

Prothonotary Spencer objects to the Petition on the basis that Ballard failed to state a cognizable cause of action against him. Ballard responds that he has a fundamental right to seek monetary damages and injunctive relief by a civil complaint against C.O. Smith filed in the Common Pleas Court.

> In one of our early cases, cited many times by the courts of this Commonwealth, [this Court] observed as follows:
>
>> A [p]rothonotary may have the power, and even the duty, to inspect documents tendered for filing and to reject them if they are not on their face in the proper form . . . but this power is limited. He is not in the position of an administrative officer who has discretion to interpret or implement rules and statutes. . . . Any question of construction must be resolved by the courts, not by the [p]rothonotary nor the parties. The [p]rothonotary must accept papers and file them. He must also collect fees fixed by the legislature. He has no discretion in this matter nor does he act in a judicial capacity.
>
> *Warner v. Cortese*, 288 A.2d 550, 552 (Pa. Cmwlth. 1972)
> . . . .
>
> . . . . **[W]hether [a plaintiff's] suit may proceed as filed is a matter properly to be decided by the trial court**.

*Lawson v. Ct. of Common Pleas of Montgomery Cnty. Prothonotary Off.* (Pa. Cmwlth. No. 277 M.D. 2022, filed Dec. 21, 2023), slip op. at 5-6 (original italic emphasis omitted; bold emphasis added).[4]

---

[4] While not binding, unreported opinions of this Court issued after January 15, 2008, may be cited for their persuasive authority pursuant to Pennsylvania Rules of Appellate Procedure

6

Therefore, Prothonotary Spencer had a responsibility to accept Ballard's complaint/TRO petition and present it to the Common Pleas Court for disposition. The Common Pleas Court's July 9, 2024 order dismissing Ballard's TRO petition makes clear that Prothonotary Spencer accepted the documentation and presented it to the Common Pleas Court for consideration as required. Under the circumstances, Ballard's request for this Court to order Prothonotary Spencer to accept his TRO petition and related documentation and present it to the Common Pleas Court is moot.

> "A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Commonwealth v. Nava*, 966 A.2d 630, 632-33 (Pa. Super. 2009). Stated differently, "[a]n issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *Id*. at 633. Cases presenting mootness problems are those that involve litigants who clearly had standing to sue at the outset of the litigation. "The problems arise from events occurring after the lawsuit has gotten underway - changes in the facts or in the law - which allegedly deprive the litigant of the necessary stake in the outcome. The mootness doctrine requires that 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *In re Gross*, . . . 382 A.2d 116 ([Pa.] 1978) (quoting G. Gunther, *Constitutional Law* 1578 (9th Ed. 1975)).
>
> This Court will not decide moot questions.[5] Pa.R.A.P. 1972(4). . . .

*Chruby v. Dep't of Corr.*, 4 A.3d 764, 770-71 (Pa. Cmwlth. 2010).

---

124(b), Pa.R.A.P 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). *Lawson* is cited herein for its persuasive value.

  [5] "Exceptions to this [mootness] principle are made where (1) the conduct complained of is capable of repetition yet likely to evade review, (2) the case involves issues important to the public interest, or (3) a party will suffer some detriment without the court's decision." *Chruby v. Dep't of Corr.*, 4 A.3d 764, 771 (Pa. Cmwlth. 2010). None of those exceptions apply in this instance.

Accepting as true all well-pleaded facts in the Petition and drawing all inferences reasonably deducible therefrom in Ballard's favor, as this Court must, *see Robinson*, because Ballard's mandamus action against Prothonotary Spencer is moot and "the law will not permit recovery," *id*. at 972 n.7 (quoting *Torres*, 997 A.2d at 1245), this Court sustains Prothonotary Spencer's Preliminary Objection and dismisses the Petition as to him.

<u>MDJ Glass's Preliminary Objections</u>

MDJ Glass objects to the Petition on the bases that this Court lacks jurisdiction to issue mandamus relief against an MDJ, and MDJ Glass is entitled to judicial immunity.[6] Ballard responds that because MDJ Glass "suggested legal advise [sic] contrary to his oath of office" (i.e., that Ballard's civil action was criminal in nature, despite that he was seeking damages for C.O. Smith's conduct), this Court has jurisdiction to entertain his action and/or transfer his Petition to the Pennsylvania Supreme Court pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a).

This Court has explained:

> This Court has original jurisdiction under [Section 761(a)(1) of the Judicial Code,] 42 Pa.C.S. § 761(a)(1)[,] over actions against [MDJ Glass], as []he is a Commonwealth officer. *Leiber v. C[nty.] of Allegheny*, 654 A.2d 11, 14 (Pa. Cmwlth. 1994); [Sections 102 and

---

[6] Generally, . . . when not objected to in preliminary objections, . . . it is now currently accepted that immunity is a defense that may be raised by preliminary objection "when to delay a ruling thereon would serve no purpose." *Faust v. Dep't of Revenue*, . . . 592 A.2d 835, 838 n.3 ([Pa. Cmwlth.] 1991).

*Chasan v. Platt*, 244 A.3d 73, 81 (Pa. Cmwlth. 2020). Here, Ballard did not object by way of a preliminary objection to MDJ Glass's immunity defense being included in his Preliminary Objections.

8

301(9) of the Judicial Code,] 42 Pa.C.S. §§ 102 [(*Commonwealth government* is defined to include officers of the unified judicial system)], 301(9) [("The judicial power of the Commonwealth shall be vested in a unified judicial system consisting of . . . [MDJs].").

**This Court**, **however**, **does not have jurisdiction to issue mandamus to courts of inferior jurisdiction**, **including [MDJs]**, **except where the mandamus is ancillary to a pending appeal**. *Guarrasi v. Scott*, 25 A.3d 394, 407 (Pa. Cmwlth. 2011); *Leiber*, 654 A.2d at 14; *see also Mun*[.] *Publ*[*'ns*] *v. C*[*t.*] *of Common Pleas of Phila*[.] *C*[*nty.*], . . . 489 A.2d 1286, 1287-88 ([Pa.] 1985) (Superior Court lacks jurisdiction to issue mandamus or prohibition to lower court unless ancillary to a pending appeal). Exclusive jurisdiction over non-ancillary mandamus to courts of inferior jurisdiction lies in the Pennsylvania Supreme Court. *Leiber*, 654 A.2d at 14; *see also Guarrasi*, 25 A.3d at 407.

*Kneller v. Stewart*, 112 A.3d 1269, 1271 (Pa. Cmwlth.) (emphasis added), *mandamus denied*, 118 A.3d 1106 (Pa. 2015); *see also* Section 721(2) of the Judicial Code, 42 Pa.C.S. § 721(2) (The Pennsylvania Supreme Court shall have original but not exclusive jurisdiction of all cases of "mandamus . . . ."). Because, in the instant matter, Ballard has not alleged in the Petition that his mandamus action is ancillary to a pending appeal, nor is there evidence to suggest that it is, this Court lacks jurisdiction to issue mandamus relief.

"The remedy for this lack of jurisdiction, however, is transfer to the [Pennsylvania] Supreme Court, not dismissal." *Id*. Section 5103(a) of the Judicial Code provides:

If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or [MDJ] shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was

9

first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or [MDJ] of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103(a). Accordingly, this Court sustains MDJ Glass's Preliminary Objection as to jurisdiction and orders that Ballard's mandamus action be transferred to the Pennsylvania Supreme Court.[7] *See Kneller*.

### Conclusion

Based on the foregoing, this Court sustains Prothonotary Spencer's Preliminary Objection and dismisses the Petition as to Prothonotary Spencer. This Court also sustains MDJ Glass's Preliminary Objection to this Court's jurisdiction and transfers the portions of the Petition related to MDJ Glass to the Pennsylvania Supreme Court pursuant to Section 5103(a) of the Judicial Code.

_____
ANNE E. COVEY, Judge

---

[7] Because the Pennsylvania Supreme Court has exclusive jurisdiction over Ballard's mandamus claim against MDJ Glass, this Court does not address MDJ Glass's Preliminary Objection based on judicial immunity.

10

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Todd Ballard,                 :
          Petitioner       :
                       :
          v.             :
                       :
Brian Spencer; James Glass, et al.,    :     No. 240 M.D. 2024
          Respondents    :

### O R D E R

AND NOW, this 17th day of October, 2025, Clearfield County Common Pleas Court Prothonotary Brian Spencer's (Prothonotary Spencer) Preliminary Objection to Todd Ballard's Petition for Writ of Mandamus (Petition) is SUSTAINED, and the Petition is DISMISSED as to Prothonotary Spencer.

Clearfield County Magisterial District Judge James Glass's (MDJ Glass) Preliminary Objection to this Court's jurisdiction is SUSTAINED, and the portions of the Petition relative to MDJ Glass shall be TRANSFERRED to the Pennsylvania Supreme Court pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a). This Court's Prothonotary shall certify a photocopy of the docket entries of the above matter and the record to the Prothonotary of the Pennsylvania Supreme Court.

_____
ANNE E. COVEY, Judge